786 F.2d 227
 4 Fed.R.Serv.3d 106
 COALITION FOR EQUITABLE MINORITY PARTICIPATION IN
ARCHITECTURAL CONTRACTS IN TENNESSEE (COMPACT); McKissack
and McKissack and Thompson, Architects and Engineers, Inc.;
L. Quincy Jackson; and Ronald M. Harris and Donald T.
Harris, Plaintiffs-Appellants,
v.
METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY,
TENNESSEE; Richard H. Fulton; Metropolitan Nashville
Airport Authority; Robert C.H. Mathews, Jr.; John H.
Dewitt; Miller Lanier; Frank Gorrell; Toby Wilt; David
K. Wilson; James T. Fulghum; William Moore; Metropolitan
Board of Education of Davidson County, Tennessee; Kent M.
Weeks; Dorothy A. Gupton; Pat Bentrup; C. Dewey
Branstetter, Jr.; Isaac Northern, Jr.; June J. Lambert;
N. Tom Hightower; Charles E. Gann; Vern Denney; Charles
Frazier; Bill W. Wise; Hart-Freeland-Roberts, Inc.,
Architects and Engineers; Batey M. Gresham; and Fleming W.
Smith, Jr., Defendants- Appellees.
 No. 84-6026.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 23, 1986.
Decided March 18, 1986.
 
 Avon N. Williams, Jr., Russell T. Perkins, Williams & Dinkins, Richard Dinkins, Nashville, Tenn., Eleanor Fox (argued), N.Y.U. School of Law, New York City, for plaintiffs-appellants.
 Anthony Robinson, Timothy Brown, Minority Business Enterprise Legal Defense and Educ. Fund, Inc., Washington, D.C., for amicus curiae.
 Jack Robinson, Joel Leeman, Gullett, Sanford and Robinson, Nashville, Tenn., for Gresham, Smith & Partners.
 George E. Barrett (argued), Barrett & Ray, Nashville, Tenn., for Williams, Russell & Johnson.
 William F. Howard, Donald W. Jones, James D. Luther, Metropolitan Dept. of Law, Nashville, Tenn.
 Peter H. Curry, Boult, Cummings, Conners and Berry, Nashville, Tenn., for Hart-Freeland-Roberts.
 Barry L. Howard, Wade B. Cowan, Gracey, Maddin, Cowan and Bird, Nashville, Tenn., for Metropolitan Nashville Airport Authority.
 Randall C. Ferguson, Manier, White, Herod, Hollabaugh & Smith, P.C., Susan Emery McGannon, Richard M. Riebeling, Samual W. Bartholomew, Nashville, Tenn., for defendants-appellees.
 Before ENGEL, KENNEDY and RYAN, Circuit Judges.
 CORNELIA G. KENNEDY, Circuit Judge.
 
 
 1
 Plaintiffs-appellants are the Coalition for Equitable Minority Participation in Architectural Contracts in Tennessee ("COMPACT") and the three black-owned architectural firms that comprise the coalition, as well as the individual members of the firms. Plaintiffs brought suit claiming wide-ranging violations of their civil rights with regard to the practice of letting and accepting bids for architectural services in the Nashville area. They rely on 42 U.S.C. Secs. 1981, 1982, 1983, 1985, 1986, 1988, and 2000(d), as well as 15 U.S.C. Sec. 1 and the first, thirteenth, and fourteenth amendments of the Constitution. Defendants include the Metropolitan Government of Nashville and Davidson County, Tennessee, and Metropolitan Nashville Airport Authority, the Metropolitan Board of Education of Davidson County, and two white-owned architectural firms doing business in the area. The District Court granted partial summary judgment for defendants; plaintiffs filed a notice of appeal and moved[1] to have the judgment certified as final and appealable under Fed.R.Civ.P. 54(b).[2] The court granted the motion. The opinion of the District Court granting partial summary judgment is reported as COMPACT v. Metro. Gov. of Nashville & Davidson Cty., 594 F.Supp. 1567 (M.D.Tenn.1984).
 
 
 2
 Plaintiffs allege in their complaint that the governmental entities historically excluded black architects from engagement to perform architectural services and continue to maintain a policy and practice of discrimination in that regard. They allege that the airport authority and the board of education serve as the instruments of that policy and cite two contracts, one with each agency, where, they claim, specific instances of racial discrimination in the letting and accepting of bids took place. Plaintiffs further allege that the white-owned architectural firms have conspired with the governmental entities to exclude black architects from the practice of that profession in the Nashville area.
 
 FACTS
 
 3
 The facts pertinent to the instant appeal are as follows: in 1981 the airport authority began construction on an expansion of the existing facility. In 1984 the airport authority took bids for the design development phase of the new terminal. Minority-owned architectural firms (hereinafter "MBE," or minority business enterprise) competed for the contract with white-owned firms. Defendant Gresham, Smith & Partners ("Gresham & Smith"), a large white-owned Nashville firm, was awarded the contract. Partly in response to the letting of the airport bid, COMPACT was formed. The COMPACT members are the only three black-owned MBE architectural firms in the Nashville area. COMPACT at 1571. The COMPACT agreement and bylaws empowered the coalition to target contracts and to restrict competition between its individual members. Of particular interest is section 5, which provides in part that no member "shall pursue or accept as an individual firm without agreement of all members of COMPACT in writing in advance, any project which COMPACT has targeted or is pursuing in any way as a potential project for COMPACT." COMPACT at 1569. The airport project was targeted by COMPACT. Because of the involvement of federal funds in the airport construction project, COMPACT anticipated that the principal contractor would seek MBE participation as prescribed in 15 U.S.C. Sec. 637(d). COMPACT at 1569. Gresham & Smith did so, and after unsuccessfully attempting to enter into an "association" with COMPACT (involving 10% or less of the airport contract) and refusing COMPACT'S demand for a "joint venture" (involving significantly more responsibility), Gresham & Smith subcontracted to an MBE from Atlanta--Williams, Russell & Johnson.[3] COMPACT at 1570.
 
 
 4
 Plaintiffs instituted this suit, and successfully sought a temporary restraining order ("TRO") prohibiting Gresham & Smith from retaining the Atlanta firm. The TRO was dissolved and a preliminary injunction to engage COMPACT on the airport project denied after the District Court heard testimony from defendants, raising possible antitrust violations on the part of COMPACT. The court eventually concluded that the COMPACT agreement did constitute a per se violation of section 1 of the Sherman Act, 15 U.S.C., and granted defendants' motion for partial summary judgment "dismissing the plaintiffs' claims regarding construction of the airport." COMPACT at 1571. (See also COMPACT at 1581: "claims ... with respect to the construction of the airport.") An order was entered accordingly on October 18, 1984. The order was amended on November 21, 1984 nunc pro tunc. That order states in pertinent part:
 
 
 5
 The Court advanced the cause under Rule 65 and granted partial summary judgment against plaintiffs and in favor of Metropolitan Nashville Airport Authority, Gresham & Smith, Williams, Russell & Johnson, and Metropolitan Government. Plaintiffs now request the Court to amend its previous order to allow for an appeal under Rule 54(b), Fed.R.Civ.P.
 
 
 6
 The Court therefore determines that there is no just reason for delay and, consequently, directs entry of judgment as to these defendants.
 
 
 7
 No memorandum accompanies the order, nor does plaintiffs' memorandum in support of their motion under Rule 54(b) elaborate further.
 
 DISCUSSION
 
 8
 Upon careful analysis of the record and the District Court's opinion, and even with the aid of supplemental letter briefs and oral argument by the parties, the Court finds that it is impossible to determine that any discrete claim was finally adjudicated. Plaintiffs' complaint merely recites the airport construction contract fact situation as evidence of the wide-ranging discrimination they allege is present in the architectural business in the Nashville area. The first three paragraphs of the complaint concern jurisdiction and the parties. Paragraph 4 states that the city-county government has maintained a policy of discrimination against blacks in its engagement of architects. Paragraph 5 states that the school board and the airport authority "have participated in and served as instruments of" this policy. Paragraph 6 states that the white architectural firms have conspired with the other defendants to monopolize the profession and to exclude blacks. Paragraph 7 states: "[p]ursuant to the foregoing the following occurred ..."; the paragraph continues by reciting, in seven subparagraphs, events involving various architectural projects. The remainder of the complaint makes broad allegations. The prayer seeks injunctive and declaratory relief and monetary damages. The Court is unable to conclude from the complaint that the events surrounding the awarding of the airport contract constitute a distinct and separate claim.
 
 
 9
 Accordingly, summary judgment in favor of defendants as to the claims "regarding construction of the airport," COMPACT at 1571, does not present on its face a decision appropriate for appeal. The November 21st order granting Rule 54(b) certification does nothing to clarify the matter. The order is devoid of any amplification or detailing of the claim purportedly dismissed. The District Court's order merely "directs entry of judgment as to these defendants," obviously as to some but not all of the claims, since the government and Gresham & Smith remain party defendants.
 
 
 10
 A brief review of the purpose of Rule 54(b) is in order. Rule 54(b) was designed to facilitate the entry of an order of final judgment in a multi-claim/multi-party action where the parties demonstrated a need for making review available on some of the claims or parties before entry of final judgment as to all. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 432, 76 S.Ct. 895, 897-98, 100 L.Ed. 1297 (1956). The advent of the relaxed joinder provisions in the Federal Rules of Civil Procedure made necessary a revision of what could be considered a "judicial unit" for purposes of appellate jurisdiction.[4] Sound judicial administration warrants allowing appeal on some claims or parties before the entire case is finally adjudicated, but it does not warrant blurring the concept of finality as to a single claim or as to one party. Id. Rule 54(b) therefore does not countenance piecemeal review of a claim. Nor is Rule 54(b) to be used indiscriminately. The third circuit has noted that the drafters of the rule anticipated that it would be invoked only in the "infrequent harsh case." Panichella v. Pennsylvania R.R. Co., 252 F.2d 452, 455 (3d Cir.1958). Accord Campbell v. Westmoreland Farm, Inc., 403 F.2d 939, 942 (2d Cir.1968). A Rule 54(b) order is reviewable by this Court under the abuse of discretion standard. Mackey, 351 U.S. at 437, 76 S.Ct. at 900-01.
 
 
 11
 The Court cannot be sure that piecemeal review would not occur in this case. Counsel for plaintiffs admitted at oral argument that the claims of discrimination against the city-county government as to the airport would be relevant in the remainder of the case. Additionally, with the exception of the airport authority, all of the parties sued would remain in the case. Finally, the District Court states that the other "counts" in the complaint involve discrimination against the plaintiffs in their individual or firm capacities, rather than as COMPACT, and that "these matters continue to present issues for adjudication." COMPACT at 1581. Yet, counsel for plaintiffs revealed at argument that the plaintiffs believe they were discriminated against as individuals in the letting of the airport contract before COMPACT was formed. It is far from clear that the allegations of discrimination "regarding construction of the airport" comprise a "judicial unit" as required even under the relaxed provisions of Rule 54(b). The fact that these allegations are subject to one common affirmative defense, namely section 1 of the Sherman Act, does not turn them into a discrete claim for purposes of appellate review. It appears to the Court that entering Rule 54(b) final judgment on the partial summary judgment was improvident.
 
 
 12
 We are aided by a well-reasoned case recently decided by this circuit, Solomon v. Aetna Life Ins. Co., 782 F.2d 58 (6th Cir.1986). In that case the Rule 54(b) certification was vacated and the appeal dismissed. The Court held that it was without jurisdiction to consider the merits of the summary judgment motion because the court below had provided no statement in support of its determination that there was no just reason for delay and of its entry of final judgment as to some but not all of the claims and parties.
 
 
 13
 The Solomon Court recognized that the decision of a district court to certify a claim for immediate appeal is due substantial deference, but noted that deference is accorded "on the assumption that the district court undertook to weigh and examine the competing factors involved in the certificate decision." Solomon, 782 F.2d at 61. Where this assumption is unwarranted, deference is unwarranted as well. The Court characterized the district court's order as an abuse of discretion since the court advanced no reasons in explanation of its decision. The same defect is present in this case. The District Court order merely recites the formula that "there is no just reason for delay" and "directs entry of judgment." We are unable to give deference to a conclusion totally devoid of supporting reasons, and therefore hold that the District Court abused its discretion in issuing the order.
 
 
 14
 The Court notes that the District Court's order of November 21, 1984 states that the court "denied the injunctive relief prayed for by plaintiffs." The preliminary injunction was denied on August 31, 1984. See text at note 3, supra. The District Court continues, and correctly, that plaintiffs "would have a right to appeal" from the order denying the preliminary injunction under 28 U.S.C. Sec. 1292(a)(1). However, plaintiffs did not appeal this denial within the thirty-day limitation of Fed.R.App.P. 4(a). In no other order does the District Court address the issue of injunctive relief. Plaintiffs also requested a permanent injunction in paragraph 2 of the prayer for relief, but they sought a broad permanent injunction against any form of discrimination "in reference to any of the matters set out hereinabove in this complaint or otherwise." Since the District Court expressly found that some "matters continue to present issues for adjudication," COMPACT at 1581, the court obviously has not yet addressed the request for permanent injunction found in paragraph 2. For the reasons discussed above, we decline to construe the order granting partial summary judgment as an appealable order denying permanent injunctive relief limited to the airport construction project.
 
 
 15
 The Court therefore remands the case to the District Court for reconsideration under the standards discussed in this opinion as to whether certification under Rule 54(b) is appropriate and, if it is, for a statement of exactly what claim or claims were adjudicated and why certification under Rule 54(b) is proper.
 
 
 
 [1]
 Although the motion to certify under Rule 54(b) was made the same day the notice of appeal was filed, the 54(b) certification order was not entered until five days later, nunc pro tunc the original October 18 order. We do not believe that this situation requires the Court to deny jurisdiction in this case as it did in Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir.1973) (per curiam). In that case the certification had apparently not been made even as of the time of the circuit court decision
 
 
 [2]
 Fed.R.Civ.P. 54(b) provides:
 (b) Judgment upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 
 
 [3]
 Williams, Russell & Johnson is a defendant by interpleader, in order to protect its interest in the airport contract
 
 
 [4]
 Appellate jurisdiction derives from either 28 U.S.C. Sec. 1291 or 1292, appeal from a final order or from an appealable interlocutory order