807 F.2d 1279
 6 Fed.R.Serv.3d 825
 CORROSIONEERING, INC., Plaintiff-Appellant (85-5997),
and
The Continental Insurance Company, Third-Party
Complainant-Appellant (85-5998),
v.
THYSSEN ENVIRONMENTAL SYSTEMS, INC., Federal Insurance
Company, Continental Insurance Company, Ashland
Chemical Company and Berton Plastics,
Inc., Defendants-Appellees.
 Nos. 85-5997, 85-5998.
 United States Court of Appeals,
Sixth Circuit.
 Argued Aug. 15, 1986.
Decided Dec. 15, 1986.
 
 Thomas R. Yocum (argued), Benjamin, Faulkner, Tepe and Sack, Cincinnati, Ohio, for Corrosioneering, Inc.
 Leslie W. Morris, II (argued), Lexington, Ky., Robert B. Cetrulo (argued), Covington, Ky., for defendants-appellees.
 J.W. Smirz, Landrum, Shouse and Patterson, Lexington, Ky., for Continental Ins. Co.
 Before JONES and NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Plaintiff-appellant Corrosioneering, Inc. ("Corrosioneering") and its bonding company, Continental Insurance Company ("Continental"), appeal from the district court's dismissal of their third-party complaint against Ashland Chemical Company ("Ashland") and Berton Plastics, Inc. ("Berton"). On appeal, Corrosioneering and Continental argue that the district court erred in finding that no express or implied warranties were created in connection with the sale of goods by Ashland and Berton to Corrosioneering. Finding that this case was improperly certified under Fed.R.Civ.P. 54(b), we dismiss the appeal.
 
 
 2
 The facts relevant to this appeal are not in dispute. Eastern Kentucky Power Cooperative was building a power plant near Maysville, Kentucky called the Spurlock Power Plant ("the Spurlock project"). Part of the Spurlock project was a scrubber system on which Thyssen Environmental Systems, Inc. ("Thyssen") was the contractor. Thyssen, in turn, subcontracted with Corrosioneering for the installation of a corrosion resistant lining in portions of the scrubber system. The lining system installed by Corrosioneering, developed by Corrosioneering's president, Mr. Dennis Newton, had as primary components several polyester resins which had been manufactured by Ashland and which had been purchased by Corrosioneering directly from Ashland or from Berton, a distributor.
 
 
 3
 The lining system subsequently failed, however, and Thyssen refused to pay Corrosioneering. After Corrosioneering brought an action against Thyssen and Thyssen's bonding company, Federal Insurance Company ("Federal"), for nonpayment, Thyssen and Federal responded by filing a counterclaim against Corrosioneering and Continental alleging that Corrosioneering was liable for installing a defective lining system. Corrosioneering and Continental then filed a third-party complaint against Ashland and Berton, contending that Ashland and Berton had breached both express and implied warranties in the sale of the polyester resins used in the lining system, and seeking indemnification in the event Corrosioneering and Continental were found liable to Thyssen.
 
 
 4
 The district court held a bench trial on Thyssen's counterclaim and Corrosioneering's third-party complaint. The court determined that Corrosioneering was liable to Thyssen for installing the defective lining, but concluded that neither Ashland nor Berton had made any express or implied warranties to Corrosioneering. The issue of damages and several miscellaneous matters were not resolved by the district court, however, but were referred to a magistrate. Subsequently, the district court rendered a final judgment in favor of Ashland and Berton, dismissing the third-party complaint of Corrosioneering and Continental, and certified for immediate appeal under Rule 54(b)[1] the issue of whether Ashland and Berton had made any express or implied warranties to Corrosioneering during the sale of the resins. Consequently, the question of whether Corrosioneering may be entitled to indemnification from Ashland or Berton is the only substantive issue presently before this court.[2]
 
 
 5
 Although the parties have focused on the creation of warranties as dispositive of this appeal, we are required in the first instance to consider the propriety of the district court's Rule 54(b) certification. This court obtains jurisdiction only when an appeal is taken from a final order, 28 U.S.C. Sec. 1291 (1982), or from an appealable interlocutory order, 28 U.S.C. Sec. 1292 (1982). See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 431, 76 S.Ct. 895, 897, 100 L.Ed. 1297 (1956). Although Rule 54(b) provides a means by which a district court may release for immediate appeal final decisions resolving "one or more but fewer than all of the claims or parties" in a multiple-claim or multiple-party action, Fed.R.Civ.P. 54(b), it does not empower the district court to "treat as 'final' that which is not 'final' within the meaning of Sec. 1291." Mackey, 351 U.S. at 437, 76 S.Ct. at 900. Thus, if the district court's certification was improper, we are without jurisdiction to consider the merits of this appeal. See Solomon v. Aetna Life Insurance Co., 782 F.2d 58, 59-60 (6th Cir.1986); Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360, 362-63 (3d Cir.1975); B.B. Adams General Contractors, Inc. v. Department of Housing and Urban Development, 501 F.2d 176, 177 (5th Cir.1974).
 
 
 6
 Rule 54(b) was a response to the need created by the liberal joinder provisions of the Federal Rules of Civil Procedure to revise "what should be treated as a judicial unit for purposes of appellate jurisdiction." Mackey, 351 U.S. at 432, 76 S.Ct. at 897. The rule was "designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action," Solomon, 782 F.2d at 60; Allis-Chalmers, 521 F.2d at 363, "where the parties demonstrated a need for making review available on some of the claims or parties before entry of final judgment as to all," COMPACT v. Metropolitan Government of Nashville & Davidson County, Tennessee, 786 F.2d 227, 230 (6th Cir.1986). It "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." Solomon, 782 F.2d at 60; Allis-Chalmers, 521 F.2d at 363. By utilizing Rule 54(b), a district court "may, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims ...," Mackey, 351 U.S. at 437, 76 S.Ct. at 900 (emphasis in original), or for fewer than all the parties.
 
 
 7
 The district court acts as a "dispatcher" and is permitted to determine, in the first instance, the appropriate time when each final decision is ready for appeal. Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980); Mackey, 351 U.S. at 435, 76 S.Ct. at 899; Allis-Chalmers, 521 F.2d at 363; Campbell v. Westmoreland Farm, Inc., 403 F.2d 939, 942 (2d Cir.1968). The district court's discretion is not unbounded, however, and a Rule 54(b) certification can be reversed by an appellate court for abuse of that discretion. Mackey, 351 U.S. at 437, 76 S.Ct. at 900; COMPACT, 786 F.2d at 230; Campbell, 403 F.2d at 942; Panichella v. Pennsylvania Railroad Co., 252 F.2d 452, 454 (3d Cir.1958). Rule 54(b) is not to be used routinely, see Curtiss-Wright, 446 U.S. at 10, 100 S.Ct. at 1466; Panichella, 252 F.2d at 455, or as a courtesy or accommodation to counsel, Panichella, 252 F.2d at 455; see Solomon, 782 F.2d at 60; Campbell, 403 F.2d at 942. "The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice...." Panichella, 252 F.2d at 455; see also COMPACT, 786 F.2d at 230; Solomon, 782 F.2d at 60; Campbell, 403 F.2d at 942. Moreover, to avoid a finding of abuse of discretion in this Circuit a district court should do more than just recite the Rule 54(b) formula of "no just reason for delay." Solomon, 782 F.2d at 61; see COMPACT, 786 F.2d at 231. Deference is accorded to the district court only "on the assumption that the district court undertook to weigh and examine the competing factors involved in the certificate decision," Solomon, 782 F.2d at 61; see COMPACT, 786 F.2d at 231, and the absence of reasons in support of a district court's certification nullifies any deference due the Rule 54(b) order. Solomon, 782 F.2d at 62; COMPACT, 786 F.2d at 231.
 
 
 8
 In the instant case, the district court issued its Rule 54(b) order upon a determination "that the question of whether or not Ashland Chemical Company and Berton Plastics, Inc. made warranties to Corrosioneering is separate and distinct from other issues in the case...." The court also incorporated by reference into the Rule 54(b) order its findings of fact and conclusions of law which determined that Corrosioneering was liable to Thyssen but that Ashland and Berton had made no warranties subjecting them to indemnification. These findings and conclusions support the district court's determination that the warranty question certified for appeal is "separate and distinct" from other issues in the case. This grounding of the Rule 54(b) order on a determination that the issue certified was "separate and distinct" readily distinguishes the instant case from Solomon, in which the district court had given no reason to support its certification and had only recited the Rule 54(b) formula of "no just reason for delay." See Solomon, 782 F.2d at 61. Nevertheless, we find this to be a distinction without a difference. We conclude that the district court's findings of a "separate and distinct" issue in the matter being certified provides an insufficient basis in the instant case to support the Rule 54(b) certification.
 
 
 9
 Generally a finding that an issue being considered for Rule 54(b) certification is "separate and distinct" from remaining issues in a case will begin, rather than end, the district court's certification analysis. See Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 452, 76 S.Ct. 904, 908, 100 L.Ed. 1311 (1956).
 
 
 10
 Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.
 
 
 11
 ... [A] district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals."
 
 
 12
 Curtiss-Wright, 446 U.S. at 8, 100 S.Ct. at 1464 (quoting Mackey, 351 U.S. at 438, 76 S.Ct. at 901. A nonexhaustive list of factors which a district court should consider when making a Rule 54(b) determination includes:
 
 
 13
 (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).
 
 
 14
 Allis-Chalmers, 521 F.2d at 364 (footnotes omitted); see also Curtiss-Wright, 446 U.S. at 8, 100 S.Ct. at 1464; Solomon, 782 F.2d at 61 & n. 2. As even a cursory examination of these factors shows, an issue being considered for Rule 54(b) certification may be "separate and distinct" from other issues in the case and yet be an unsuitable candidate for immediate appeal. For example, a "separate and distinct" issue of contribution or indemnification would likely be unsuitable for Rule 54(b) certification if the related issue of liability, on which the contribution or indemnity would depend, was yet to be resolved in the district court, because a finding on the liability issue in the district court could moot the need for review of the question of contribution or indemnification. See, e.g., Panichella, 252 F.2d at 455.
 
 
 15
 The failure of the district court to consider any factor or reason supporting its Rule 54(b) certification other than the finding that the warranty issue was "separate and distinct" from other issues in the case leaves this court in a position little better than if the district court had done nothing but recite the Rule 54(b) formula of "no just reason for delay." See Allis-Chalmers, 521 F.2d at 365 ("The variety and number of factors which may be present in any one case highlights the importance of the district court's evaluation and articulation of those factors leading to its grant of Rule 54(b) certification."). As in Solomon, the absence of an independent analysis by the district court of the competing factors relevant to the Rule 54(b) certification nullifies any deference due the district court's Rule 54(b) order and "leaves this court with at least the following unanswered question: What would be the effect of, and the necessity for a final judgment" prior to a complete adjudication of all the claims between all the parties? See Solomon, 782 F.2d at 61-62.
 
 
 16
 Our independent analysis of the juridical and equitable concerns[3] present in the instant case convinces us that the district court improvidently granted the Rule 54(b) certification. First, juridical concerns counsel against the immediate appeal of a question of indemnity apart from or, at least, prior to the consideration on appeal of the question of whether any liability exists. Although indemnity and liability issues are in some sense "separate and distinct," they are nevertheless "related." Indeed, by its very nature indemnity is collateral to and dependent upon a finding of liability. Cf. Panichella, 252 F.2d at 455. Consequently, the same concern which counsels against certifying an issue which may be mooted by future developments in the district court militates against an immediate appeal on the question of indemnity when there is a possibility that future developments in the appellate court could moot the need for review of that issue. Id. In the instant case, a successful appeal by Corrosioneering challenging the district court's finding against it on the liability issue would render unnecessary this appeal on the indemnification question. The possibility of this occurring persuades us that the indemnity issue should await adjudication of the entire case so that in a unified appeal the appellate tribunal could address the liability issue first and proceed to the indemnity question only if necessary.[4] In the absence of countervailing considerations supporting an immediate appeal, this juridical concern is alone sufficient to warrant our finding that the district court abused its discretion in rendering the Rule 54(b) certification.
 
 
 17
 In addition, however, a delayed appeal on the indemnity question would not have presented the danger of undue prejudice, hardship, or injustice to any of the parties. With the determination of damages remaining unresolved, the district court's dismissal of Corrosioneering's third-party complaint seeking indemnification had no immediate financial impact on Corrosioneering. The financial impact of the dismissal would only become apparent after the district court's determination of Thyssen's damages. Furthermore, since virtually all that remained in the lower court at the time of the Rule 54(b) certification was the determination of damages, an immediate appeal would not " 'eliminate much unnecessary evidence, confine the issues, shorten the trial, save much expense to the litigants in connection with the preparation for trial and contribute considerably to expediting the work of the [trial] court.' " Campbell, 403 F.2d at 942 (quoting Combined Bronx Amusements, Inc. v. Warner Brothers Pictures, Inc., 132 F.Supp. 921, 922 (S.D.N.Y.1955)).[5]
 
 
 18
 We conclude that the district court erred in relying on its finding that the question of warranties was "separate and distinct" from other issues in the case as the sole basis for its Rule 54(b) certification. Moreover, the procedural posture of this appeal, creating the possibility that this court would be rendering an unnecessary decision, and the equitable factos all counselled against an immediate appeal. Accordingly, we hold that the district court abused its discretion in rendering the Rule 54(b) certification and that we are, therefore, without jurisdiction to hear this appeal.
 
 
 19
 In light of the foregoing, the Rule 54(b) certification is vacated and this appeal is dismissed. Each party to bear its own costs.
 
 
 20
 DAVID A. NELSON, Circuit Judge, dissenting.
 
 
 21
 Giving the fullest possible measure of deference to the trial court's "no just reason for delay" determination, as I am inclined to do under the circumstances of this case, I cannot conclude that the trial judge abused his discretion in directing the entry of a final appealable judgment in favor of the third-party defendants. With great respect, I must therefore dissent.
 
 
 22
 When the trial judge announced his decision from the bench, he expressed the tentative view that "it would be of benefit to wait [for an appeal] till the end of the case." I would have found it helpful, as I am sure the other members of this court would, had the trial judge spelled out the reasons that led him to change his mind. The finding that the warranty question certified for appeal is "separate and distinct" from the other issues is certainly a start, but I agree with this court that such a finding does not automatically justify a piecemeal appeal.
 
 
 23
 Nonetheless, had I been in the trial judge's position, I suspect I would have reached the same conclusion he did. The merits of the third-party action seem relatively straightforward, and given jurisdiction, I would not expect an appellate court to have much difficulty in affirming the decision that there was no breach of any actionable warranties by the manufacturer and distributor of the resins used by Corrosioneering in making the lining system. Without a decision on this question by the Court of Appeals, however, the manufacturer and distributor of the resins would act at their peril in refraining from full participation in the litigation that remains to be conducted on the damage question. If the third-party defendants are not in fact liable for breach of warranty, it would seem rather a shame to make them waste the time and money that their participation in the trial of the damage question would necessarily entail. An election to sit that trial out could prove costly, on the other hand, should the trial court ultimately be found to have erred in holding the third-party defendants not liable.
 
 
 24
 Judge Celebrezze makes a telling point, I think, in suggesting that considerations of judicial economy would militate against permitting an immediate appeal on the question of indemnity if there is a significant possibility that the Court of Appeals may ultimately reverse the trial court's decision on Corrosioneering's liability. I assume, however, that the trial judge--more familiar with the facts on that issue than we are--has made a realistic assessment of the likelihood of a reversal in the Court of Appeals, and has also given thought to the question whether the prospects for an amicable settlement of the litigation might be enhanced by an appellate decision on the liability of the third-party defendants. I would be inclined to rely on the trial judge's instinct in these matters, notwithstanding his failure fully to articulate his reasons for granting the Rule 54(b) certification. If I were in greater doubt than I am about how the present appeal should be decided on the merits, I would have joined in this court's opinion on the certification question.
 
 
 
 [1]
 Fed.R.Civ.P. 54(b) provides:
 (b) Judgment upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 
 
 [2]
 Thyssen and Federal are not parties to this appeal
 
 
 [3]
 There are ... two aspects to the proper function of a reviewing court in Rule 54(b) cases. The court of appeals must, of course, scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units. But once such juridical concerns have been met, the discretionary judgment of the district court should be given substantial deference
 Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980).
 
 
 [4]
 If an appeal is not taken from the district court's liability finding, the court addressing the indemnity matter would at least not be faced with the possibility of rendering an advisory opinion
 
 
 [5]
 We also note that this case appears to be one in which judicial economy would have been better served without a Rule 54(b) certification. Both the liability and indemnity issues before the district court arose from a factual setting involving the supplying of material used as components in a product which ultimately failed. It would appear that some factual determinations, particularly those relating to the knowledge of the various parties concerning the Spurlock project and what information was communicated to whom, could be relevant to both the liability and indemnity issues. Consequently, if this Court was called upon to decide both the liability and indemnity issues, it could do so more economically if both issues were presented on appeal in a unified package. See Solomon, 782 F.2d at 62