815 F.2d 78
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. MASON, Plaintiff-Appellant,
v.
Will Tom WATHEN et al., Defendants-Appellees.
 No. 86-5211.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1987.
 
 1
 Before LIVELY, Chief Judge, RYAN, Circuit Judge, and JOINER, District Judge.*
 
 ORDER
 
 2
 This matter is before the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 In this action filed pursuant to 42 U.S.C. Sec. 1983, plaintiff alleges a conspiracy to fraudulently alter court records in violation of his constitutional rights. Plaintiff also raises an issue of double jeopardy in his complaint. Plaintiff subsequently filed a motion for summary judgment and for permanent injunction which the magistrate recommended overruling. Plaintiff filed his objections. The district court approved the magistrate's findings and recommendations and overruled plaintiff's motion for summary judgment, as well as defendants' motion to dismiss. The district court also certified the order as an interlocutory appealable order under Rule 54(b), Federal Rules of Civil Procedure. This appeal followed.
 
 
 4
 An examination of the record reveals that plaintiff is not appealing the court's denial of injunctive relief which could have been an appealable final order under 28 U.S.C. Sec. 1292(a)(1). Rather, plaintiff is only appealing the court's denial of his summary judgment motion, which is an interlocutory order not ripe for review at this time. 28 U.S.C. Sec. 1291.
 
 
 5
 We conclude that the district court improperly certified this case for appeal pursuant to Federal Rule of Civil Procedure 54(b). The district court cannot treat as "final" that which is not "final" within the meaning of 28 U.S.C. Sec. 1291. Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc., 807 F.2d 1279 (6th Cir.1986), citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 431 (1956).
 
 
 6
 Therefore, the district court's 54(b) certification was improper and we are without jurisdiction to consider the merits of this appeal. Accordingly, this appeal is hereby dismissed for lack of jurisdiction pursuant to Rule 9(d)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles F. Joiner, Senior Judge, U.S. District Court for the Eastern District of Michigan, sitting by designation