815 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry DOUGLAS Aebersold; Daymond Crawford, Jr.; Gillis
Broyles, and Debra Broyles, individually, and as
next friend of Deana Broyles,
Plaintiffs- Appellants,
v.
Sgt. James PHILLIPS, Det. Dean Ashcraft, Officer Dale
Lankford, Officer Steve Hatler, Officer Leslie Mahoney,
Officer Michael Loran, Officer Dale Rhoades, Officer James
Wintergerst, and City of Louisville, Defendants-Appellees.
 No. 85-6015.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1987.
 
 Before ENGEL, JONES and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the district court's grant of summary judgment dismissing plaintiffs' civil rights complaint against the City of Louisville. Because summary judgment was granted to only one party in this multi-party action, and because the district court gave no reason for its certification of this decision as final under Fed.R.Civ.P. 54(b), we remand this case to the district court for reconsideration under the Sixth Circuit's standards for Rule 54(b) certification.
 
 
 2
 A Louisville park ranger was attempting to arrest plaintiff Larry Aebersold when his half-brother, plaintiff Daymond Crawford, struck the ranger in the head with a baseball bat. The police were called to the scene by means of a "10-30" transmission, and a number of officers responded. Aebersold and Crawford allege that they were subsequently beaten and brutalized by the police both in the home of plaintiff Debra Broyles, Aebersold's sister, and at police headquarters.
 
 
 3
 Based upon these facts, plaintiffs filed suit against both the individual officers and the city, alleging violations of their civil rights under 42 U.S.C. Secs. 1983, 1985 and 1986 (1982). Upon defendants' motions for summary judgment, the district court dismissed all claims against the city. However, the district court only dismissed the Sec. 1985 and Sec. 1986 claims against the individual officers, leaving the Sec. 1983 claim for litigation. In its order granting the city's motion for summary judgment the district court stated: "There is no just reason for delay, and this is a final and appealable order." J.App. at 38.
 
 
 4
 Although the plaintiffs and the city have focused on the summary judgment disposition as the central issue on this appeal, "the posture we assume in this case depends on the propriety of the district court's 54(b) certification." Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 59 (6th Cir.1986). In the past year, this court has expressed concern that Rule 54(b) certification be "invoked only in the 'infrequent harsh case.' " COMPACT v. Metropolitan Gov. of Nashville & Davidson Co., 786 F.2d 227, 230 (6th Cir.1986) (quoting Panichella v. Pennsylvania R.R. Co., 252 F.2d 452, 455 (3rd Cir.1958)). To this end, the court has noted that deference is due to the district court's Rule 54(b) certification only when the district court has set forth its reasons for the certification. See Solomon, 782 F.2d at 61; COMPACT, 786 F.2d at 231.
 
 
 5
 When the district court has failed to state more than boilerplate language in support of certification, this circuit has taken two courses. In the first, the court has admitted that any appellate "judgment as to the propriety of certification will be speculative, both as to whether any consideration was given to the order and what factors were considered." Solomon, 782 F.2d at 61. Nevertheless, the appellate court has gone on to search the record and evaluate the relevant 54(b) factors itself in order to decide whether it thinks certification should have been granted. Id. (vacating certification); Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc., Nos. 85-5997/5998 (6th Cir. Dec. 15, 1986) (vacating certification). In the alternative, this court also has chosen in the past not to construct the district court's reasons for certification, but instead has remanded the case to the district court for a statement of why certification was proper, if it was proper. COMPACT, 786 F.2d at 231.
 
 
 6
 In the case before us, the district court has not set forth an analysis of why this is the "infrequent harsh case" requiring Rule 54(b) certification. Given that the liability of the parties left in the action is based upon the same set of facts underlying the claim against the city, it is not patently obvious that Rule 54(b) certification was appropriate. See Solomon, 782 F.2d at 62. Rather than conjecturing the district court's reasons for the certification, or surmising that no reasons existed, we believe it appropriate to remand this case to the district court for explicit consideration of the factors set forth in Solomon as relevant to Rule 54(b) certification.
 
 
 7
 Accordingly, we VACATE the Rule 54(b) certification previously granted and REMAND this case for proceedings consistent with this opinion.