815 F.2d 703
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John V. HEATH, Plaintiff-Appellant,
v.
LOUISVILLE AND JEFFERSON COUNTY MSD DISTRICT, Joe Masterson,
Don Cox, Phillip Anderson, Tim Firkins, George Gardner, J.
Michael Crawford, Carl Neumayer, Fred R. Radolovich, and
Radolovich, Harrington and Levy, Defendants-Appellees.
 No. 86-5567.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1987.
 
 Before LIVELY, Chief Judge, and BOGGS, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff filed this civil rights action against the Louisville and Jefferson County Metropolitan Sewer District, the members of the board of the district, the mayor of the City of Louisville, the county judge of Jefferson County, Kentucky, and others including an attorney who had represented the plaintiff in his dispute with the Metropolitan Sewer District and the law firm of the which the attorney is a member. The district court granted summary judgment to the attorney and the law firm and in his order stated, "There is no just reason for delay, and this is a final and appealable order." The plaintiff, proceeding pro se, filed an appeal and the matter is before the court on briefs of the parties and the record.
 
 
 2
 The plaintiff's case against the various officials and the Metropolitan Sewer District is pending in the district court and we can find no reason in the district court's order or in the record before us for permitting an appeal from the order dismissing only the attorney and his firm. While Rule 54(b), Federal Rules of Civil Procedure, permits a district court to certify for appeal an order which disposes of fewer than all of the issues or which determines the rights of fewer than all the parties, the discretion of the district court is not absolute. Corrosioneering, Inc. v. Thyssen Environmental Systems, 807 F.2d 1279, 1282 (6th Cir.1986). Rule 54(b) is designed to promote finality, not to encourage piecemeal appeals. No purpose would be served by permitting an appeal from the order granting summary judgment to the attorney and his law firm at the present time instead of waiting until the entire case has been decided and claims against all of the defendants have been determined.
 
 
 3
 Upon consideration, we conclude that this was not an appropriate case for an appeal from the order disposing of the claims against fewer than all of the defendants and accordingly, the district court abused its discretion in certifying the matter for an immediate appeal. Corrosioneering, Inc. v. Thyssen Environmental Systems, supra; Compact v. Metropolitan Government of Nashville and Davidson County, 786 F.2d 227, 230 (6th Cir.1986); Solomon v. Aetna Life Insurance Company, 782 F.2d 58, 60-62 (6th Cir.1986).
 
 
 4
 The appeal is dismissed. No costs are allowed.