816 F.2d 681
 1987-1 Trade Cases 67,528
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PINNEY DOCK & TRANSPORT COMPANY, Plaintiff-Appellant,
v.
PENN CENTRAL CORPORATION, Defendant-Appellee,
Chesapeake & Ohio Railway Company; et al., Defendants.
 No. 86-3225.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1987.
 
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Pinney Dock & Transport Co. appeals the district court order entered pursuant to Fed.R.Civ.P. 54(b) dismissing certain antitrust claims against defendant Penn Central Corporation. Because we do not find the order entered by the district court under Rule 54(b) to be final, we VACATE the order and REMAND the case to the district court for appropriate proceedings.
 
 
 2
 Rule 54(b) permits the district court to dismiss one or more but less than all claims in a multi-claim suit when the court specifically determines that there is no just reason for waiting until all claims are adjudicated. The rationale of Rule 54(b) springs out of liberal joinder rules and a concern for the efficient judicial administration of large multi-claim suits. Given multiple claims and parties, some may be ripe for early resolution.
 
 
 3
 Rule 54(b) allows the district court, upon proper motion, to sever such claims from the rest of the action and evaluate them for dismissibility. On appeal, however, a Rule 54(b) order must be final in order for an appellate court to have proper jurisdiction. 28 U.S.C. Sec. 1291. This circuit has evaluated appeals stemming from Rule 54(b) orders to determine if they are, in fact, final. See, e.g. Solomon v. Aetna Life Insurance Co., 782 F.2d 58 (6th Cir.1986). The only way the determination can be made is if the district court has certified that the order is final and has done so by making a reasoned and independent analysis of five factors relevant to the certification decision. Those factors are (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like. See, e.g. Corrosioneering v. Thyssen Environmental Systems, 807 F.2d 1279 (6th Cir.1986); COMPACT v. Metropolitan Government, 786 F.2d 227 (6th Cir.1986). The appellate court gives substantial deference to the district court's certification and reviews the district court's findings under an "abuse of discretion" standard.
 
 
 4
 If, however, the 54(b) certification simply recited the 54(b) formula of "no just reason for delay," without any sign of consideration of the above factors, this circuit has found that there is no basis for appellate review and has vacated the certification and dismissed the appeal due to a lack of finality. The court is especially prone to reach this result when the factual allegations are essentially the same for the 54(b) claims and the remaining claims.
 
 
 5
 In the instant case, the district court did not adequately assess the factors required by Corrosioneering and its companion cases. It simply repeated the language found in Rule 54(b). Moreover, the factual allegations behind the dismissed claims and remaining claims are nearly identical. We, therefore, have no basis for determining if the use of Rule 54(b) was appropriate and if the ensuing dismissal judgment is final.
 
 
 6
 Accordingly, we VACATE the district court's judgment of February 7, 1986 and REMAND for appropriate proceedings.