841 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brian BESSERT, Eugene Crowley, Frances Hovey, Willie
Jenkins, John D. Maas, James V. Moriarity, William Ray, Jr.,
Gilbert A. Rice, James Snyder & Elihah Washington, Trustees
of Laborers Metropolitan Detroit Health & Welfare Fund, a
jointly administered trust, and The Laborers' Metropolitan
Detroit Health & Welfare Fund, Plaintiffs-Appellees,
v.
INSURANCE COMPANY OF NORTH AMERICA, et al. Defendants,
Glen Woods, Defendant-Appellant.
 No. 87-2181.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1988.
 
 Before ENGEL, MERRITT and CORNELIA G. KENNEDY, Circuit Judges.
 
 ORDER
 
 1
 The defendant Woods appeals from an order entered July 8, 1987 directing judgment against this defendant only in this multiple defendant fraud, conversion and RICO action. The district court's order did not adjudicate the claims alleged against the remaining defendants, but contained the language set forth in Rule 54(b), Federal Rules of Civil Procedure, for certification of interlocutory appeals. On October 29, 1987, the district court entered an order extending the time to appeal for thirty (30) days, on grounds that the plaintiffs failed to provide the defendant with a copy of the judgment entered against him. The defendant filed his notice of appeal on November 25, 1987.
 
 
 2
 Rule 54(b) provides that a district court may certify a claim for interlocutory appeal "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The rule requires that the district court "do more than just recite the 54(b) formula of 'no just reason for delay.' " Solomon v. Aetna Life Insurance Co., 782 F.2d 58, 61 (6th Cir.1986); see COMPACT v. Metropolitan Government of Nashville & Davidson County, 786 F.2d 227, 230 (6th Cir.1986); Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc., 807 F.2d 1279, 1282 (6th Cir.1986). The district court must identify exactly what claim or claims were adjudicated and set forth reasons why certification is proper. COMPACT, 786 F.2d at 231; see Solomon, 782 F.2d at 61-62; Corrosioneering, 782 F.2d at 1282-83. In the present case, the district court's attempted certification does not satisfy the requirements of Rule 54(b). Accordingly,
 
 
 3
 It is ORDERED that the October 29, 1987 extending the time to appeal is vacated and this action is remanded. Should the district court choose to certify the July 8, 1987 order pursuant to the above requirements of Rule 54(b), such certification should be entered separately so that the defendant may appeal anew from that order. The remand of this action is without prejudice.