848 F.2d 191
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
INTERROYAL CORPORATION, a Delaware Corporation, Plaintiff-Appellant,
v.
Ralph W. SPONSELLER; Superior Roll-Forming Company, Inc.,
an Ohio Corporation, Defendants-Appellees.
 No. 87-4137.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1988.
 
 Before NATHANIEL R. JONES, WELLFORD and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff InterRoyal Corp. ("InterRoyal") moves to continue an injunction allegedly granted by the district court on November 19, 1986 during an in-chambers status conference. The injunction, InterRoyal contends, prevents defendant Superior Roll-Forming Co. ("Superior") from selling or transferring equipment used to manufacture shelving once sold in competition with an InterRoyal product. Superior and codefendant Sponseller, a former InterRoyal employee, did not respond to the motion.
 
 
 2
 On November 13, 1987, the district court entered summary judgment in favor of defendants on InterRoyal's claims of breach of contract, misappropriation of trade secrets and breach of fiduciary duty. The district court did not dispose of Sponseller's counterclaim against InterRoyal so it directed entry of judgment under Fed.R.Civ.P. 54(b), saying only "that there is 'no just reason for delay' of an appeal." InterRoyal appealed from the order granting defendants summary judgment, from an "implicit" order denying its own motion for partial summary judgment, from an "implicit" order denying its own motion for partial summary judgment, and from orders of January 23, 1987 and November 26, 1986 denying motions to amend the complaint.
 
 
 3
 A Rule 54(b) order is reviewed under an abuse of discretion standard. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437-38 (1956). A proper exercise of discretion under Rule 54(b) requires the district court to weigh and examine the competing factors involved in the certificate decision, not simply recite the formula of "no just reason for delay." COMPACT v. Metropolitan Gov't of Nashville and Davidson County, Tenn., 786 F.2d 227, 230 (6th Cir.1986); Solomon v. Aetna Life Insurance Co., 782 F.2d 58, 61 (6th Cir.1986). Since no statement of reasons was given by the district court in this matter, the Court cannot properly exercise its judicial function to decide whether there has been an abuse of discretion, and the deference due the district court's certification decision does not come into play. COMPACT, 786 F.2d at 231, Solomon, 782 F.2d at 61-62. The Rule 54(b) certification previously granted is therefore vacated in the absence of sufficient findings or reasons given.
 
 
 4
 In the absence of a final judgment, the Court does not have jurisdiction to review the order granting partial summary judgment and the "implicit" order of unknown date denying InterRoyal's motion for partial summary judgment. Moreover, the Court does not have jurisdiction to review the two orders denying InterRoyal's motions to amend the complaint. See Fed.R.App.P. 4(a).
 
 
 5
 In light of the foregoing, InterRoyal's motion to continue injunctive relief must be dismissed as moot. However, we are compelled to note that there appears to be no injunction in force. Even if properly characterized by InterRoyal, the alleged statements of the district court, off the record, not reduced to writing nor entered as an order, do not constitute an injunction.
 
 
 6
 The 54(b) certificate is vacated and this appeal is dismissed. The motion for continued injunctive relief is ORDERED dismissed as moot. Under Fed.R.App.P. 38, double costs are assessed against plaintiff.