887 F.2d 265
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
OHIO CARPENTERS CENTRAL COLLECTION AND ADMINISTRATIVE
AGENCY; Plaintiff-Appellant (Case No. 89-3907),
Ohio Carpenters Health and Welfare Fund,
Intervenor-Appellant (Case No. 89-3908),
v.
B.P. JENKINS, INC., Defendant-Appellee.
 Nos. 89-3907, 89-3908.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1989.
 
 Before KEITH, MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This action was commenced in November 1988 by the plaintiff to collect contributions which the defendant allegedly owes to various fringe benefits funds administered by the plaintiff. The intervenor was permitted to intervene as a plaintiff on April 7, 1989. The plaintiff (Case No. 89-3907) and the plaintiff-intervenor (Case No. 89-3908) appeal from an order of the district court granting in part and denying in part the defendant's motion for summary judgment. The order granted the defendant summary judgment on all claims arising prior to July 23, 1986, on res judicata grounds, but denied summary judgment on all subsequent claims. The plaintiffs were granted leave to amend their complaint consistent with the order. The district court further stated that "pursuant to Federal Rules of Civil Procedure 54(b), the court finds there is no just reason for delaying entry of judgment as to the dismissed claims in this order."
 
 
 2
 A district court's decision to certify a claim for immediate appeal under Rule 54(b) merits substantial deference. However, where the district court does not articulate the analysis guiding its certification, any deference due the order is nullified. Knafel v. Pepsi Cola Bottlers of Akron, Inc., 850 F.2d 1155, 1159 (6th Cir.1988). The district court must do more than just recite the Rule 54(b) formula of "no just reason for delay." Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 61 (6th Cir.1986); see also COMPACT v. Metropolitan Government of Nashville & Davidson County, 786 F.2d 227, 231 (6th Cir.1986); Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc., 807 F.2d 1279, 1282-83 (6th Cir.1986).
 
 
 3
 It is therefore ORDERED that these appeals are dismissed sua sponte for lack of jurisdiction without prejudice to the right to appeal from entry of a final judgment or upon proper certification pursuant to Rule 54(b). Rule 9(b), Local Rules of the Sixth Circuit.