*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0419p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

MYRON LOWERY,

                *Plaintiff-Appellant,*

    *v.*

FEDERAL EXPRESS CORPORATION; and FEDEX
EXPRESS, INC., a wholly owned subsidiary of
Federal Express Corporation,

                *Defendants-Appellees.*

No. 04-5958

&gt;

─────────────────

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 02-02056—Bernice B. Donald, District Judge.

Argued: September 14, 2005

Decided and Filed: October 20, 2005

Before: GUY, BATCHELDER, and GILMAN, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ARGUED:** Donald A. Donati, DONATI LAW FIRM, Memphis, Tennessee, for Appellant.
Frederick L. Douglas, FEDERAL EXPRESS CORPORATION, Memphis, Tennessee, for Appellees.
**ON BRIEF:** Donald A. Donati, William B. Ryan, DONATI LAW FIRM, Memphis, Tennessee,
for Appellant. Frederick L. Douglas, FEDERAL EXPRESS CORPORATION, Memphis,
Tennessee, for Appellees.

─────────────────

## OPINION

─────────────────

      RALPH B. GUY, JR., Circuit Judge. Plaintiff Myron Lowery appeals from the entry of
partial summary judgment in favor of defendants Federal Express Corporation and FedEx Express,
Inc., on his claims of race discrimination and retaliation in violation of Title VII. The district court
also denied summary judgment to defendants on plaintiff's cause of action for breach of contract,
and granted the plaintiff's request for entry of final judgment on the Title VII claims pursuant to
Fed. R. Civ. P. 54(b). For the reasons discussed below, we find the Rule 54(b) certification was not
proper in this case and dismiss the appeal for lack of jurisdiction.

## I.

Plaintiff was hired by Federal Express Corporation in 1990 and was promoted to the position of Manager of Corporate Relations in 1994. In 1998, plaintiff applied but was not selected for the position of Manager of Media Relations. Plaintiff filed an internal grievance and during the process complained that the decision was racially discriminatory. The dispute was settled with plaintiff releasing all claims relating to the promotion, including those arising under Title VII, in exchange for a pay raise and a promise that he would not be retaliated against for filing the grievance. It is the promise not to retaliate that forms the basis of plaintiff's cause of action for breach of contract.

A corporate-wide reorganization was implemented in 2000, which affected all the departments under the direction of Vice-President of Corporate Communications William Margaritis. Margaritis, who indirectly supervised plaintiff and had reviewed plaintiff's earlier grievance, led the reorganization process for the corporate communications managers. Plaintiff was the only African-American communications manager and the only manager whose work group was abolished. Although plaintiff expressed interest in three different positions, plaintiff was assigned to be manager of communications for the Air Operations Division/Central Support Services Division. As a result of his reassignment, plaintiff claimed he was denied a pay increase that other managers received, was later given a smaller pay increase, and lost opportunities for future advancement.

Plaintiff filed a charge of discrimination with the EEOC in December 2000, and commenced this action in January 2002. Plaintiff alleged federal causes of action for race discrimination and retaliation under Title VII and later amended his complaint to add a state law cause of action for breach of contract. Defendants moved for summary judgment on all counts, which the district court granted in part and denied in part. The district court found that plaintiff could not establish the adverse employment action that is required to prove both race discrimination and retaliation under Title VII. Then, electing to exercise discretion over the state law cause of action, the district court concluded (1) that the contractual right not to be retaliated against did not require proof of an adverse employment action; and (2) that there were genuine issues of fact with regard to whether plaintiff was retaliated against in breach of the settlement agreement. Plaintiff filed a motion for reconsideration in reliance on *White v. Burlington Northern and Santa Fe Railway*, 364 F.3d 789 (6th Cir. 2004) (en banc), *petition for cert. filed*, (Aug. 24, 2005) (No. 05-259), which was denied.

At plaintiff's request, the district court determined that there was no just reason for delay and directed entry of final judgment on plaintiff's Title VII claims under Rule 54(b). This appeal followed.

## II.

Although defendants have not challenged the Rule 54(b) certification, this court is without appellate jurisdiction if the certification was improper. *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986). For this reason, we are compelled to consider whether the entry of final judgment was appropriate in this case. *Daleure v. Commonwealth of Kentucky*, 269 F.3d 540, 543 (6th Cir. 2001); *Justice v. Pendleton Place Apartments*, 40 F.3d 139, 141 (6th Cir. 1994). "Although Rule 54(b) relaxes the traditional finality requirement for appellate review, it does not tolerate immediate appeal of every action taken by a district court." *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). Rather, the rule "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

## A.      Multiple Claims

The first requirement under Rule 54(b) — that the district court expressly "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties" — is reviewed *de novo*. *Gen. Acquisition*, 23 F.3d at 1027; *see also GenCorp., Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004), *petition for cert. filed*, 74 U.S.L.W. 3026 (U.S. June 27, 2005) (No. 05-11). The judgment must represent "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright*, 446 U.S. at 7 (citation omitted). Although the decision granting partial summary judgment finally resolved plaintiff's Title VII claims, it is less than clear that the decision entirely resolved an individual claim in a multiple claims action.

This court has held that "[e]ven though different theories of liability may have been asserted, the concept of a 'claim' under Rule 54(b) denotes 'the aggregate of operative facts which give rise to a right enforceable in the courts.'" *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 192 (6th Cir. 1978) (citations omitted). In *McIntyre*, the plaintiff alleged federal and state causes of action arising out of the same events. The federal claims were tried first, judgment was entered, and the order was certified for immediate appeal under Rule 54(b). This court dismissed the appeal, concluding that the state and federal causes of action should be considered a single claim for purposes of Rule 54(b) because they arose out of the same aggregate of operative facts. *Id*. at 191-92.

Conceptually, it is not difficult to imagine that a cause of action for breach of contract could involve a distinct legal right from statutory claims under Title VII; but, here, the contractual promise was that plaintiff would not be retaliated against for filing the grievance. That is, the alleged breach *was* the retaliation. Even assuming, as the district court concluded, that the breach of contract claim did not require proof of an adverse employment action (a question not before us), both causes of action arose out of the same aggregate of operative facts and seek to recover for the same underlying injury. *Compare GenCorp*, 390 F.3d at 442 (claims did not share single aggregate of operative facts), *with Daleure*, 269 F.3d at 543 (different theories of damages for same underlying injury), *and Gen. Acquisition*, 23 F.3d at 1029 (three different theories of liability were single claim). Nor is it clear whether plaintiff could recover economic damages for both breach of contract and retaliation under Title VII. *Gen. Acquisition*, 23 F.3d at 1028-29 (multiple recoveries test). Even if we were to conclude that the claims were sufficiently separate to be considered multiple claims, it was an abuse of discretion to find there was no just reason for delay.

## B.      Reason for Delay

The second requirement of Rule 54(b) — that the district court determine that there is no just reason for delay — requires consideration of "judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. The reviewing court may not "reweigh the equities or reassess the facts," but must "make sure that the conclusions derived from those weighings and assessments are juridically sound and supported by the record." *Id.* at 10; *see also Gen. Acquisition*, 23 F.3d at 1030. This court has identified the following nonexhaustive list of factors to be considered:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Gen. Acquisition*, 23 F.3d at 1030 (citations omitted).  The district court must "determine whether 'the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and it must spell out its reasons for concluding that prompt review is preferable." *GenCorp*, 390 F.3d at 442 (citation omitted).  This determination is reviewed for abuse of discretion. *Id.*

Addressing the relationship between the claims, the district court concluded that the Title VII claims possessed elements of proof separate and distinct from the breach of contract claim. From this fact, the district court also concluded that the need for review would not likely be mooted by future developments in the trial court, and that it was not likely that this court would be obligated to review any issues a second time if an appeal were to be filed after resolution of the breach of contract claim.  By focusing on the adverse action issue, the district court's analysis overlooks the inherent inseparability of the adjudicated and unadjudicated claims in this case.  Instead, the interrelationship of the claims themselves weighs heavily against certification under Rule 54(b). *See Gen. Acquisition*, 23 F.3d at 1028.  A similar result was reached by the Ninth Circuit in dismissing the appeal in *Wood v. GCC Bend, LLC* , 442 F.3d 873, 880-82 (9th Cir. 2005).

The plaintiff in *Wood* sued her employer, alleging statutory claims for age discrimination and retaliation for opposing age discrimination, as well as a common law claim for constructive discharge.  The district court granted summary judgment to the employer on the constructive discharge claim and on the discrimination and retaliation claims to the extent that they were based on a constructive discharge theory.  But summary judgment was denied on the age discrimination and retaliation claims to the extent that they were based on the plaintiff's reassignment from one position to another.  The Ninth Circuit found that although the constructive discharge claim might be sufficiently distinct to constitute an individual claim, the "practical effect of certifying the constructive discharge issues in this case is to deconstruct her age discrimination action so as to allow piecemeal appeals with respect to the same set of facts." *Id.* at 880.  Under either theory, the plaintiff's "legal right to relief stem[med] largely from the same set of facts and would give rise to successive appeals that would turn largely on identical, interrelated, facts." *Id.*  The court found that this weighed heavily against certification, particularly given that the case was a routine employment dispute for which trial would be neither lengthy nor complex.

In this case, whether or not the elements are the same, plaintiff's retaliation and breach of contract claims both assert a right to be free from retaliation for having complained about the earlier denial of promotion.  That is, the same conduct by defendants is alleged to constitute a breach of the promise not to retaliate and a violation of Title VII.  As such, it is possible that the jury could find there was no discriminatory motive in Lowery's transfer and render moot the adverse action inquiry. Moreover, the greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that this court will have to revisit the same facts under a different theory in a second appeal.  This risk is highlighted by the fact that, as is common in appeals like this, the defendants argue that summary judgment may be affirmed on alternative grounds.  Also, while the district court has ruled that the breach of contract claim does not require proof of an adverse action, it seems likely that this finding may be challenged if a second appeal were taken after resolution of the breach of contract claim.  The commonality in operative facts underlying both the plaintiff's claims and the likely defenses militates against immediate review of the Title VII claims. As in *Wood*, this action arises out of a discrete and straightforward employment dispute that should be reviewed as a single unit.

In considering "pragmatic concerns," the district court placed great weight on the possibility that an immediate appeal might result in a voluntary settlement that would obviate the need for any trial at all.  The prospect that appellate resolution could facilitate settlement of the remaining claims is a relevant consideration that may be weighed against the possibility that the same issues might be presented in a subsequent appeal. *Curtiss-Wright*, 446 U.S. at 8 n.2.  That does not mean,

however, that Rule 54(b) certification may be used as a vehicle to leverage a settlement without regard to the undesirability of piecemeal appeals. In this case, the district court explained that, "as a practical matter," "the availability of punitive and compensatory damages under Plaintiff's Title VII claims creates a vast discrepancy between the amount of money damages that the Plaintiff may potentially recover based on his state law breach of contract claim alone." As such, the court concluded that "this discrepancy in available damages greatly hinders the possibility of settlement." This was a significant factor in the district court's weighing, but the reasons articulated suggest less of an interest in judicial administration and more of an effort to induce settlement.

Finally, the circumstances here are substantially different than those found by the court in *Akers v. Alvey*, 338 F.3d 491, 495-96 (6th Cir. 2003). In *Akers*, the district court failed to apply the relevant factors, but this court impliedly found that the record supported a Rule 54(b) interlocutory appeal despite the procedural lapse. For the *Akers* court to remand the case after briefing and oral argument was thus determined to be judicially inefficient. In the present case, however, the district court's analysis of the factors was incorrect, not simply absent. Judicial economy, therefore, would not be served by our deciding its merits, because a trial on the breach-of-contract issue might render this appeal moot.

After review of the district court's weighings and assessments of the relevant factors, we find it was an abuse of discretion to grant plaintiff's motion to certify the Title VII claims for immediate appeal under Rule 54(b). Accordingly, we express no opinion on the merits and **DISMISS** this appeal.