**In re: SEIZURE OF $143,265.78 FROM COMERICA CHECKING ACCOUNT NO. 1851349546 AND $28,687,40 FROM CHECKING ACCOUNT NO. 1080022185.**

**Case No. 07–50329.**

United States District Court,
E.D. Michigan,
Southern Division.

May 18, 2009.

*OPINION ON FINAL JUDGMENT DENYING COMERICA BANK'S MOTION TO SET ASIDE FORFEITURE*

DAVID M. LAWSON, District Judge.

On December 1, 2008, Comerica Bank filed a motion to set aside forfeiture. The motion was docketed in the case number opened for the underlying seizure warrant. On May 14, 2009, 616 F.Supp.2d 699, 2009 WL 1395444 the Court entered an opinion and order denying Comerica Bank's motion to set aside declaration of forfeiture. The matter is now before the Court on whether to enter a judgment in this case.

■ Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). This rule imposes two requirements before a judgment may be entered on less than all claims or parties: 1) the decision must "entirely resolve[ ]" an individual claim or the dispute as to one party, and 2) there must be "no just reason for delay." *Lowery v. Federal Exp. Corp.*, 426 F.3d 817, 821 (6th Cir.2005).

■ In this case, the Court has "entirely resolved" the dispute as to Comerica Bank. Yet it is possible that another party will bring a motion to set aside the declaration of forfeiture. However, this motion would have no bearing on the Court's decision as to Comerica.

The Court also finds that there is "no just reason for delay." This requires consideration of the following factors:

"(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like."

*Lowery,* 426 F.3d at 822 (quoting *Gen. Acquisition, Inc. v. GenCorp, Inc.,* 23 F.3d 1022, 1030 (6th Cir.1994)). All of the factors favor entry of judgment as to Comerica Bank, or are neutral. There is no relationship between Comerica's effort to set aside the forfeiture and that potentially advanced by other claimants. Although it is unlikely that Comerica's appeal, if it chooses to take one, would be mooted by future developments, it is unknown whether any other claimant will step forward, delaying Comerica's right to appeal indefinitely, or perhaps permanently. There is no possibility that the court of appeals will be forced to review this legal issue again, and there is also no possibility of a set-off or other alteration to the decision against Comerica. Finally, although there is no indication of solvency issues, the potential that Comerica could be denied a right to appeal altogether strongly favors entry of

a judgment against Comerica Bank in accordance with the Opinion and Order entered on May 14, 2009.

Therefore, the Court will enter a final judgment as to Comerica's claim under Rule 54(b).

### FINAL JUDGMENT UNDER RULE 54(b) AS TO COMERICA BANK

In accordance with the Opinion entered this date,

It is **ORDERED AND ADJUDGED** that judgment is entered against Comerica Bank on its motion to set aside forfeiture. Comerica Bank's motion to set aside declaration of forfeiture is **DENIED.**