RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0240p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

EJS PROPERTIES, LLC,

                  *Plaintiff-Appellant,*

     *v.*

CITY OF TOLEDO; ROBERT MCCLOSKEY, an
individual,

                  *Defendants-Appellees.*

No. 10-4471

_____

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 3:04-cv-7312—James G. Carr, District Judge.

Argued: April 19, 2012

Decided and Filed:  August 2, 2012

Before:  MOORE, GIBBONS, and ALARCÓN,[*] Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Timothy M. Rastello, HOLLAND & HART LLP, Denver, Colorado, for
Appellant.  Adam W. Loukx, CITY OF TOLEDO DEPARTMENT OF LAW, Toledo,
Ohio, Jay E. Feldstein, KALNIZ, IORIO & FELDSTEIN, CO., LPA, Toledo, Ohio, for
Appellees. **ON BRIEF:** Timothy M. Rastello, Peter C. Houtsma, HOLLAND & HART
LLP, Denver, Colorado, Cary Cooper, COOPER & WALINSKI, LPA, Toledo, Ohio,
for Appellant.  Adam W. Loukx, CITY OF TOLEDO DEPARTMENT OF LAW,
Toledo, Ohio, Jay E. Feldstein, Edward J. Stechschulte, KALNIZ, IORIO &
FELDSTEIN, CO., LPA, Toledo, Ohio, for Appellees.

_____

[*]The Honorable Arthur L. Alarcón, Senior Judge for the United States Court of Appeals for the
Ninth Circuit, sitting by designation.

1

———————————

## OPINION

———————————

KAREN NELSON MOORE, Circuit Judge.  This case comes before us following a partial grant of summary judgment.  The district court certified its summary-judgment order as final under Federal Rule of Civil Procedure 54(b) by stamping "granted" on the plaintiff's motion for Rule 54(b) certification.  Because the district court never expressly determined that there was no just reason for delay, there is no final appealable order from which we would have jurisdiction.

We lack jurisdiction to hear an appeal following an improper certification under Rule 54(b).  *Lowery v. Fed. Express Corp.*, 426 F.3d 817, 820 (6th Cir. 2005); *see also Justice v. Pendleton Place Apartments*, 40 F.3d 139, 141 (6th Cir. 1994).  Proper certification under Rule 54(b) is a two-step process.  "First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case.  Second, the district court must expressly determine that there is no just reason to delay appellate review."  *Gen. Acquisition, Inc. v. GenCORP, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994) (internal quotation marks and alterations omitted).  We review de novo the district court's conclusions on the first inquiry and for abuse of discretion the district court's finding of no just reason for delay.  *Id.* at 1027.

Here, we are unable to review the second element because the district court failed to "expressly determine[]" that there was no just reason for delay or give any reasons behind its decision to certify the order.  Rule 54(b) requires that "the district court articulate its reasons for certifying a final order."  *Justice*, 40 F.3d at 141; *see also Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 3 (1980) ("[T]he court must make an express determination that there is no just reason for delay."); *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004) (holding district court "must spell out its reasons for concluding that prompt review is preferable"), *cert. denied*, 546 U.S. 935 (2005); *Daleure v. Kentucky*, 269 F.3d 540, 543 (6th Cir. 2001) (holding Rule 54(b) certification improper in part because order "did not contain the findings required" or

"balance the various interests"). "If no reasons were given then we cannot tell if there has been an abuse of discretion." *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61 (6th Cir. 1986).

We have on rare occasions excused a district court's failure to set forth a statement of reasons if the reasons are apparent from the record. *See Akers v. Alvey*, 338 F.3d 491, 495-96 (6th Cir. 2003) (holding bare-bones statement of "no just reason for delay" questionable but sufficient to confer jurisdiction); *but see Solomon*, 782 F.2d at 62 (holding bare-bones statement of "no just reason for delay" insufficient to convey jurisdiction). However, we have never held that the failure to make an express determination *at all* is sufficient to confer jurisdiction. *See also Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 224-25 (3d Cir. 2012) (citing cases from Second, Ninth, Tenth, and D.C. Circuits requiring express statement at a minimum to confer appellate jurisdiction).[1] We agree with the Third Circuit that "where an order purports to certify a judgment as final under Rule 54(b) but lacks the express determination that the rule requires, a court of appeals lacks jurisdiction over the order because it is not a 'final' judgment under either Rule 54(b) or under the traditional standards of 28 U.S.C. § 1291." *Elliott*, 682 F.3d at 221.

Here, the district court simply stamped "motion granted" on EJS Properties' unopposed motion for certification under Rule 54(b). R. 356 (D. Ct. Order). Because the district court failed to make an express determination that there was no just reason for delay, we lack jurisdiction to hear this appeal. However, we recognize that this appeal has already been fully briefed and argued. Therefore, if Appellant can obtain a valid final judgment properly certified under Rule 54(b) from the district court within thirty days from the date of filing of this opinion, Appellant may seek reinstatement of

---

[1]Only the Fifth Circuit has treated the express-determination requirement as non-jurisdictional. *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc). Even though we mentioned the Fifth Circuit's position in a case on a different issue, *see In re Metro. Gov't of Nashville & Davidson Cnty.*, 606 F.3d 855, 861 (6th Cir. 2010), that "cf." reference cannot overturn *Solomon* and its progeny requiring an express determination to confer jurisdiction, consistent with the plain terms of Rule 54(b).

this appeal. We will then decide the merits of any claims properly certified without further briefing or argument.

If Appellant returns to the district court to seek certification, we urge the district court to be equally mindful of the first element for proper Rule 54(b) certification, the presence of multiple claims and parties. Although the dismissal of all the claims against the City would likely satisfy the first element with respect to those claims, the adjudicated claims against McCloskey are not necessarily distinct from the remaining claim simply because they were separately pleaded. "A 'claim' under Rule 54(b) 'denotes the aggregate of operative facts which give rise to a right enforceable in the courts' even if the party has raised different theories of relief." *Olin Corp.*, 390 F.3d at 442 (quoting *Gen. Acquisition*, 23 F.3d at 1028). Although we review the district court's discussion of this issue de novo, our jurisdiction is equally contingent upon the requirement that the remaining state-law claim against McCloskey does not arise from the same set of operative facts as the dismissed constitutional claims and is in fact "separate" for purposes of Rule 54(b). *See Lowery*, 426 F.3d at 821 (holding Rule 54(b) certification improper on dismissed Title VII claim when state-law breach-of-contract claim from same retaliation allegation remained pending); *but see Olin Corp.*, 390 F.3d at 442 (holding CERCLA liability claim separate from remaining insurance contribution claim).

For the aforementioned reasons, the appeal is **DISMISSED** without prejudice and subject to reinstatement consistent with the provisions herein.