The court delivered a PER CURIAM opinion. SUTTON, J. (pp. 739—43), delivered a separate concurring opinion.
OPINION
PER CURIAM.
Elk Glenn, LLC appeals a district court’s order granting summary judgment on Kentucky Farm Bureau Mutual Insurance Company’s intervening complaint, relieving it of its duty to defend Elk Glenn against claims brought by the plaintiff in the underlying diversity suit for breach of contract and related claims arising from the sale of a residential lot. The clerk directed the parties to show cause why the appeal should not be dismissed because the district court did not provide sufficient reasoning supporting its certification for an immediate appeal under Federal Rule of Civil Procedure 54(b). Kentucky Farm Bureau responds.
Kentucky Farm Bureau asserts that the district court provided sufficient reasoning in the minute entry order accompanying its order granting certification under Rule 54(b). A certification to appeal under Rule 54(b) “requires two independent findings.” Gen. Acquisition, Inc. v. GenCorp., Inc., 23 F.3d 1022, 1026 (6th Cir.1994). The second finding requires the district court to determine that there is no just reason for delay. Id. This determination “requires the district court to balance the needs of the parties against the interests of efficient case management.” Id. at 1027. To that end, we have articulated a non-exhaustive list of factors that district courts should consider when making a Rule 54(b) determination. See id. at 1030 (listing the factors). The district court’s only reason supporting immediate appeal was the “real prejudice” Kentucky Farm Bureau would suffer. This reference, without further explication, does not provide reasoning supporting the necessity of immediate review. See Daleure v. Commonwealth of Ky., 269 F.3d 540, 543 (6th Cir.2001) (holding that the district court’s mere declaration that its order was final and appealable lacked the necessary findings balancing the interests in permitting an interlocutory appeal).
Kentucky Farm Bureau notes that Rule 54(b) certification has been used to permit an appeal such as its, citing Revco D.S., Inc. v. Gov’t Emps. Ins. Co., 791 F.Supp. 1254, 1278 (N.D.Ohio 1991). But in that case, the district court discussed in detail the factors supporting an interlocutory appeal. Id. at 1278-79; see also Morell v. Star Taxi, 343 Fed.Appx. 54, 56 (6th Cir.2009) (noting that the “district court entered a conforming judgment ... which *739 included the required findings for finality under Fed.R.Civ.P. 54(b)” before considering the merits of a parties’ claim that it had no duty to defend the plaintiff). In the absence of proper certification for an interlocutory appeal under Rule 54(b), an order disposing of fewer than all claims in a civil action is not immediately appeal-able. See Gen. Acquisition, Inc., 23 F.3d at 1026; Lowery v. Fed. Express Corp., 426 F.3d 817, 821-22 (6th Cir.2005).
Should we conclude that the proper findings supporting jurisdiction were not made by the district court, Kentucky Farm Bureau asks that we order the district court to provide the requisite findings. But the clerk instructed the parties that good cause for permitting the appeal to proceed could be shown if a party applied for and received a proper certification from the district court under Rule 54(b). Kentucky Farm Bureau did not do so, and we will not order the district court to make the necessary findings supporting jurisdiction in light of the Bureau’s inaction.
The appeal is DISMISSED.