**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0014n.06

No. 16-5248

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 06, 2017
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ROBERT MEDLEY, ) | |
| ) | |
| **Plaintiff-Appellant,** ) | |
| ) | |
| v. ) | |
| ) | |
| SHELBY COUNTY, KENTUCKY, SHELBY ) | ON APPEAL FROM THE |
| COUNTY DETENTION CENTER, JAILER ) | UNITED STATES DISTRICT |
| BOBBY WAITS, JUDGE EXECUTIVE ROB ) | COURT FOR THE EASTERN |
| ROTHENBURGER, SERGEANT ANN ) | DISTRICT OF KENTUCKY |
| DOYLE, BOBBY MCCURDY, WANDA M. ) | |
| JONES, MIKE JOHNSON, JO SWAIN, ) | |
| CELESTE PETTIT, AUSTIN SASSER, ) | |
| LILLIAN THORNTON, LARRY ) | **OPINION** |
| DONOVAN, BRENT WALDRIDGE, NIKKI ) | |
| LARKIN, and SOUTHERN HEALTH ) | |
| PARTNERS, ) | |
| ) | |
| **Defendants-Appellees,** ) | |
| ) | |
| ANTHONY HOWELL, JR., ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

Before: MOORE, ROGERS, and SENTELLE,[*] Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** We lack jurisdiction over this appeal.

Although the district court awarded summary judgment in favor of the Defendants-Appellees,

Plaintiff-Appellant Robert Medley's claims concerning Defendant Anthony Howell, Jr. continue.

---

[*]The Honorable David B. Sentelle, United States Circuit Judge for the District of
Columbia Circuit, sitting by designation.

Of course, if the district court "expressly determines that there is no just reason for delay," Fed. R. Civ. P. 54(b), we have jurisdiction over an appeal of a final judgment determining claims against some, but not all, parties. But where, as here, the district court issues a perfunctory order without explaining its application of Rule 54, we lack jurisdiction. Therefore, and as we explain below, Medley's appeal is **DISMISSED** without prejudice and subject to reinstatement consistent with the provisions herein.

"The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291 (2012). "When a single action presents multiple claims or involves multiple parties, a district court ruling that disposes of only some claims or only some parties is ordinarily not 'final.'" *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (quoting 28 U.S.C. § 1291). Nevertheless, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). However, if the district court fails to provide reasons for finding no just reason for delay, the appeal is not properly certified under Rule 54(b). *See EJS Props., LLC v. City of Toledo*, 689 F.3d 535, 537–38 (6th Cir. 2012) (noting that the district court stamped "granted" on the plaintiff's motion for Rule 54(b) certification without providing any reasons).

Although the parties' appellate briefs did not address whether the district court's Rule 54(b) certification was proper in this case, we have a duty to raise the issue sua sponte because our jurisdiction is dependent on proper certification. *See Lowery v. Fed. Express Corp.*,

426 F.3d 817, 820 (6th Cir. 2005). In its orders, the district court stated in full, "This is a **FINAL** and **APPEALABLE** Judgment and there is no cause for delay." R. 66 (Page ID #794); R. 68 (Page ID #806). Such a barebones statement, without any elaboration on why there is no cause for delay, is insufficient under Rule 54(b). *See Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61 (6th Cir. 1986) ("Certainly a proper exercise of discretion under Rule 54(b) requires the district court to do more than just recite the 54(b) formula of 'no just reason for delay.'"); *see also Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986) (setting forth a "nonexhaustive list of factors which a district court should consider when making a Rule 54(b) determination"). Therefore, Medley's appeal was not properly certified, and we lack appellate jurisdiction.

As was the case in *EJS Properties, LLC*, "we recognize that this appeal has already been fully briefed and argued." 689 F.3d at 538. Our resolution of this case is the same as in *EJS Properties, LLC*: "if [Medley] can obtain a valid final judgment properly certified under Rule 54(b) from the district court within thirty days from the date of filing of this opinion, [Medley] may seek reinstatement of this appeal. We will then decide the merits of any claims properly certified without further briefing or argument." *Id.*

For the foregoing reasons, Medley's appeal is **DISMISSED** without prejudice and subject to reinstatement consistent with the provisions herein.

No. 16-5248, *Medley v. Shelby County, Kentucky et al.*

**ROGERS, Circuit Judge.** I concur in the result only.