**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0033n.06

Case No. 19-3421

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Jan 21, 2020

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| NOVIA COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| JESSE WEATHERBY, et al., | ) | OHIO |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

Before: BATCHELDER, WHITE, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. This complex contract dispute once again proves that litigants should not lose sight of more mundane jurisdictional matters. The parties seek review of an order granting partial summary judgment. But we must dismiss the appeal for lack of jurisdiction.

In October 2014, Novia Communications, LLC, entered into an asset purchase agreement with Community Broadcast Group to acquire the assets of Channel 48, a local television station in Toledo, Ohio. This agreement granted either party the right to terminate the deal if the closing did not occur within 270 days unless the terminating party's failure to fulfill a "material obligation" caused that delay. Over a year later, the parties still had not closed due to litigation brought by the minority shareholders of Community Broadcast Group against the company, its majority share-holder (Jesse Weatherby), and Novia. In December 2015, Novia negotiated a dismissal of that

suit, believing that the settlement paved the way for closing the deal. By then, Community Broadcast Group had second thoughts about the transaction and quickly exercised its termination rights.

Invoking the district court's diversity jurisdiction, Novia sued Community Broadcast Group, Weatherby, and a third entity, Orion Media Management, LLC. Novia alleged a slew of claims arising out of the asset purchase agreement and two related contracts. The first four counts asserted a breach of the asset purchase agreement, and requested specific performance, declaratory relief, and a constructive trust. Counts five through seven asserted claims arising out of the related contracts. Counts eight and nine asserted claims of tortious interference and fraud.

The parties filed dueling motions for summary judgment on the counts arising out of the breach of the asset purchase agreement. The district court initially granted partial summary judgment to Novia. It held that Community Broadcast Group had not breached the literal terms of the asset purchase agreement, but that it should be "equitably estopped" from terminating the deal. On a motion for reconsideration, the court reversed course and held that equitable estoppel did not apply. It thus granted partial summary judgment to Community Broadcast Group.

The parties then asked the court to approve a "consent judgment" that would (1) enter a judgment for Novia on counts five through seven (the counts about the related contracts); (2) enter a stipulated dismissal without prejudice of counts four (constructive trust), eight (tortious interference), and nine (fraud); and (3) issue a Rule 54(b) certification directing entry of a final judgment on the counts alleging breach of the asset purchase agreement (count one) and seeking specific performance and declaratory relief (counts two and three). After the district court approved this judgment, Novia appealed.

We see two potential paths to our ability to hear Novia's appeal. But neither path ends in our appellate jurisdiction.

Path One: Appellate courts have jurisdiction over "final decisions" from the district courts. 28 U.S.C. § 1291. The phrase "[f]inal decision" covers any order that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Hall v. Hall*, 138 S. Ct. 1118, 1123–24 (2018) (citation omitted). Perhaps the district court's consent judgment qualifies as this type of "final decision." After all, it noted that judgment should be entered against Novia on its first three counts, that judgment should be entered for Novia in specific dollar amounts on counts five through seven, and that counts four, eight, and nine should be dismissed without prejudice. The order thus expressly addresses all counts.

Yet the last part of this judgment (the dismissal *without prejudice* of three counts) dooms any argument that it qualifies as a final decision under § 1291. "For a dismissal without prejudice to be inherently final, it must, as a practical matter, prevent the parties from further litigating the merits of the case in federal court." *United States v. Yeager*, 303 F.3d 661, 665 (6th Cir. 2002). "A party cannot use voluntary dismissal without prejudice as an end-run around the final judgment rule to convert an otherwise non-final—and thus non-appealable—ruling into a final decision appealable under § 1291." *Dearth v. Mukasey*, 516 F.3d 413, 416 (6th Cir. 2008) (citation omitted). That is precisely what Novia seeks to do here. The judgment reserves its right to "reassert the claims described in Counts VIII and IX within 90 days of the termination of any appeal taken as to Counts I, II, or III[.]" So the court did not enter a final decision.

Path Two: An appellate court generally lacks jurisdiction under 28 U.S.C. § 1291 over a district court's order that does not dispose of all claims. *See Adler v. Elk Glenn, LLC*, 758 F.3d 737, 739 (6th Cir. 2014) (per curiam). But perhaps the district court's approval of the parties' requested Rule 54(b) certification permits our review of the first three counts arising out of the alleged breach of the asset purchase agreement. Rule 54(b) tells a district court that it "may direct

entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

This rule requires a district court to make "two independent findings." *Adler*, 758 F.3d at 738 (quoting *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)). The court must initially "direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case." *EJS Props., LLC v. City of Toledo*, 689 F.3d 535, 537 (6th Cir. 2012). It next must "expressly determine[] that there is no just reason for delay." Fed. R. Civ. P. 54(b); *Adler*, 758 F.3d at 738. Under our cases, this second step requires the court to articulate "reasons for exercising its discretion." *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61 (6th Cir. 1986).

In this case, the district court failed to satisfy at least step two. The court merely placed its signature on the consent judgment proposed by the parties. And that judgment stated only that "there is no just reason for any delay of an appeal." The court never gave reasons why that was so. This case is thus just like *EJS Properties*. There, "[t]he district court certified its summary-judgment order as final under Federal Rule of Civil Procedure 54(b) by stamping 'granted' on the plaintiff's motion for Rule 54(b) certification." *EJS Props.*, 689 F.3d at 537. The "court never expressly determined that there was no just reason for delay," so we found that Rule 54(b) did not authorize our review. *Id.* The same logic applies here. While some have suggested that "[t]he text of Rule 54(b) says nothing about giving reasons," *Adler*, 758 F.3d at 740 (Sutton, J., concurring), our current precedent says otherwise. And the district court gave no reasons. The Rule 54(b) certification does not salvage our jurisdiction.

We will allow Novia to seek reinstatement of this fully briefed and argued appeal if it obtains a properly certified final judgment under Rule 54(b). *See EJS Props.*, 689 F.3d at 538. That said, we flag two issues for further consideration in the district court.

For one thing, if it seeks certification again, Novia should consider whether it has met the first Rule 54(b) requirement: The district court must have fully resolved a distinct "claim." *Id.* The "adjudicated claims" that Novia seeks to certify are not automatically "distinct" from the remaining claims "simply because they were separately pleaded." *Id.* "A 'claim' under Rule 54(b) 'denotes the aggregate of operative facts which give rise to a right enforceable in the courts' even if the party has raised different theories of relief." *Id.* (citation omitted); *see In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 273–75 (6th Cir. 2019); *Daleure v. Commonwealth of Kentucky*, 269 F.3d 540, 543 (6th Cir. 2001); *cf.* 10 Charles Alan Wright et al., *Federal Practice & Procedure* § 2657 (2014). For an order to issue a final judgment on a claim, therefore, the yet-to-be adjudicated claims must "not arise from the same set of operative facts as the" adjudicated claims. *EJS Props.*, 689 F.3d at 538. It is not obvious that Novia can satisfy this test. The district court suggested, for example, that the unadjudicated constructive-trust claim was dependent upon the adjudicated breach-of-contract claim. Any future certification request should address this issue.

For another thing, we have an independent duty to assure ourselves of the district court's diversity jurisdiction under 28 U.S.C. § 1332. *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 764–65 (6th Cir. 2019). Novia is a limited liability company. "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Yet Novia's complaint merely stated that it is "a New York limited liability company with its principal place of business in the State of New

York." It did not list its members. Even so, Novia may amend its complaint to cure "defective allegations of jurisdiction." 28 U.S.C. § 1653. After argument, it submitted a supplemental jurisdictional statement identifying its members and explaining why complete diversity exists. Given our lack of appellate jurisdiction, we will allow the district court to consider its subject-matter jurisdiction in the first instance.

We dismiss this appeal for lack of appellate jurisdiction.