**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-2050**

———————

TRAVIS YOUNG; MICHELLE BEE YOUNG,

        Plaintiff − Appellants,

    v.

SWN PRODUCTION COMPANY, LLC; EQUINOR USA ONSHORE PROPERTIES INC.,

        Defendant – Appellees,

    and

STATOIL USA ONSHORE PROPERTIES, INCORPORATED,

        Defendant.

------------------------------

WEST VIRGINIA ROYALTY OWNERS' ASSOCIATION; WEST VIRGINIA FARM BUREAU,

        Amici Supporting Appellant,

GAS AND OIL ASSOCIATION OF WV, INC.,

        Amicus Supporting Appellee.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:17−cv−00082−JPB)

———————

Submitted:  November 30, 2023               Decided:  May 6, 2024

---

Before DIAZ, Chief Judge, RUSHING, Circuit Judge, and KEENAN, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

**ON BRIEF:** James G. Bordas III, Richard A. Monahan, J. Zachary Zatezalo, BORDAS & BORDAS, PLLC, Wheeling, West Virginia, for Appellants. Elbert Lin, David Parker, HUNTON ANDREWS KURTH LLP, Richmond, Virginia; Bridget D. Furbee, Kristen Andrews Wilson, STEPTOE & JOHNSON PLLC, Bridgeport, West Virginia, for Appellee Equinor USA Onshore Properties Inc. Marc S. Tabolsky, SCHIFFER HICKS JOHNSON PLLC, Houston, Texas; Timothy M. Miller, Katrina N. Bowers, BABST, CALLAND, CLEMENTS & ZOMNIR, P.C., Charleston, West Virginia, for Appellee SWN Production Company LLC. Howard M. Persinger, III, PERSINGER & PERSINGER, L.C., Charleston, West Virginia, for Amici Virginia Royalty Owners' Association and West Virginia Farm Bureau. William M. Herlihy, Don C.A. Parker, SPILMAN THOMAS & BATTLE, PLLC, Charleston, West Virginia, for Amicus Gas and Oil Association of WV, Inc.

---

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Travis and Michelle Young appeal the district court's September 2, 2022, order, in which the court held that the Supreme Court of Appeals of West Virginia's decision in *SWN Production Co. v. Kellam*, 875 S.E.2d 216 (W. Va. 2022), didn't undermine this court's decision in *Young v. Equinor USA Onshore Properties, Inc.* (*Young I*), 982 F.3d 201 (4th Cir. 2020). The district court purported to certify its order as a final judgment pursuant to Federal Rule of Civil Procedure 54(b). But because the order doesn't meet Rule 54(b)'s requirements, we dismiss the Youngs' appeal for lack of jurisdiction.

I.

*Young I* details the facts related to this appeal. 982 F.3d at 203–05. As relevant here, the Youngs sued SWN Production Company, LLC, and Equinor USA Onshore Properties, Inc., for breach of contract. They alleged that SWN and Equinor improperly deducted post-production costs from royalties paid to the Youngs under an oil and gas lease between the parties.

The Youngs pursued two theories of recovery: (1) The lease doesn't permit the deduction of post-production costs because it doesn't specify the method of calculating those costs, as required by *Estate of Tawney v. Columbia Natural Resources, LLC*, 633 S.E.2d 22 (W. Va. 2006); and (2) alternatively, any such deductions were improper because SWN and Equinor didn't prove that they were "actually incurred" and "reasonable," as required by *Wellman v. Energy Resources, Inc.*, 557 S.E.2d 254 (W. Va. 2001).

3

The district court agreed with the Youngs' first theory of recovery and granted summary judgment in their favor. *See Young v. SWN Prod. Co.*, No. 5:17-cv-82, 2018 WL 11218647, at *3–5 (N.D. W. Va. Apr. 11, 2018). But we reversed, holding instead that the lease adequately provided the method of calculating post-production deductions, as required by *Tawney*. *See Young I*, 982 F.3d at 207–09. On remand, the district court entered partial summary judgment for SWN and Equinor, and the parties then litigated the alternative theory.

After further discovery, SWN and Equinor moved for summary judgment. The district court, however, stayed the proceedings pending the Supreme Court of Appeals of West Virginia's decision in *Kellam*. *Kellam* accepted certified questions, which, if answered, could have implicated this case, including whether *Tawney* was still good law in West Virginia, and if so, what level of specificity is required in an oil and gas lease to permit the deduction of post-production costs.[*] *See Kellam*, 875 S.E.2d at 219.

The West Virginia high court in *Kellam* affirmed that *Tawney*, and its predecessor *Wellman*, remained good law, but declined to elaborate on *Tawney*'s requirements. *Id.* at 227–28. In reaching that holding, the court rejected its dicta in *Leggett v. EQT Production*

---

[*] West Virginia's default rule is that the lessee bears all post-production costs. *See Wellman*, 557 S.E.2d at 265. To rebut that presumption, *Tawney* requires that the lease satisfy a three-prong test: The lease must (1) "expressly provide that the lessor shall bear some part of the costs"; (2) "identify with particularity the specific deductions the lessee intends to take from the lessor's royalty"; and (3) "indicate the method of calculating the amount to be deducted from the royalty for such post-production costs." 633 S.E.2d at 30.

4

*Co.*, 800 S.E.2d 850 (W. Va. 2017), which had criticized *Tawney*'s and *Wellman*'s "legal underpinnings." *See Kellam*, 875 S.E.2d at 224–27.

Because this court had considered *Leggett*'s dicta in *Young I*, *see* 982 F.3d at 206–09, the district court requested supplemental briefing about *Kellam*'s effect on *Young I*. It determined, though, that it was still bound by *Young I*. So in its September 2, 2022 order, the district court reaffirmed its entry of partial summary judgment on the Youngs' first theory of recovery for SWN and Equinor. It then denied SWN's and Equinor's motions for summary judgment on the alternative theory.

The Youngs moved for reconsideration and alternatively requested that the district court designate its order as a final judgment under Rule 54(b). The court denied the former, but granted the latter. It entered a final judgment "as to the issues that have already been resolved in [the] September 2, 2022 Order, including the effect of the *Kellam* opinion on the Fourth Circuit's *Young* decision." *Young v. SWN Prod. Co.*, No. 5:17-cv-82, 2022 U.S. Dist. LEXIS 242236, at *7 (N.D. W. Va. Sept. 26, 2022). It explained that "[b]ecause plaintiffs intend to appeal such issues to the Fourth Circuit, it would be most judicially economic and efficient" to certify the order as a final judgment. *Id.*

The Youngs appealed. SWN and Equinor moved to dismiss for lack of jurisdiction.

## II.

SWN and Equinor argue that the district court's certification of its September 2, 2022 order as a final judgment was improper because (1) the order didn't dispose of a

claim, and (2) the district court didn't find that there's "no just reason for delay," as Rule 54(b) requires.  We agree.

The district court's determination that its order disposes of a claim is a question of law that we review de novo.  *See Kinsale Ins. v. JDBC Holdings, Inc.*, 31 F.4th 870, 874–76 (4th Cir. 2022).  But we review its finding that there's no just reason for delay for abuse of discretion.  *See id.* at 876.

This court only has jurisdiction over final decisions.  28 U.S.C. § 1291.  Ordinarily, a district court's order isn't "final" unless it resolves all claims for all parties*.  Kinsale*, 31 F.4th at 873 (cleaned up).  But Rule 54(b) provides a mechanism for the district court to certify for immediate appeal a judgment that disposes of fewer than all claims.  *Fox v. Balt. City Police Dep't*, 201 F.3d 526, 530 (4th Cir. 2000).  It permits the district court to "direct entry of a final judgment as to one or more, but fewer than all, claims" in a multiclaim action "if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).

So Rule 54(b) certification requires two steps:  First, the district court must determine that the judgment is final; second, it must determine that there's no just reason for the delay in the entry of judgment.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980).  In making the latter determination, we've required district courts to consider certain factors and to "state those findings on the record or in its order."  *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335–36 (4th Cir. 1993).

The district court's certification order fails at both steps.

A.

First, Rule 54(b) certification wasn't proper because the district court didn't dispose of a claim in a multiclaim action. *See Liberty Mut. Ins. v. Wetzel*, 424 U.S. 737, 742–43 (1976).

The Supreme Court has declined to provide "any definitive resolution . . . of what constitutes a claim for relief." *Id.* at 743 n.4. But it has advised that "a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." *Id.*

In their complaint, the Youngs alleged one breach-of-contract claim: SWN and Equinor improperly deducted post-production costs from the Youngs' royalties. In support of that claim, the Youngs asserted two alternative theories of recovery: (1) The lease doesn't permit the deduction of post-production costs, and (2) SWN and Equinor haven't proven that any deducted costs were actually incurred or reasonable.

But a claim that presents alternative theories for recovery is still just a single claim. *See Gen. Constr. Co. v. Hering Realty Co.*, 312 F.2d 538, 539–40 (4th Cir. 1963); *see also Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins.*, 769 F.3d 135, 140–43 (2d Cir. 2014); *Samaad v. City of Dallas*, 940 F.2d 925, 930–32 (5th Cir. 1991), *abrogated on other grounds by Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702 (2010); *Local P-171, Amalgamated Meat Cutters v. Thompson Farms Co.*, 642 F.2d 1065, 1069 (7th Cir. 1981); *Page v. Preisser*, 585 F.2d 336, 339 (8th Cir. 1978).

7

The district court has rejected the Youngs' first theory of recovery, but not the second. Until it adjudicates both, disposing of the single claim, there can't be a final judgment.

B.

Even if the district court's order disposed of a claim, its Rule 54(b) certification was deficient.

The district court didn't "expressly determine[]" that there was "no just reason for delay." Fed. R. Civ. P. 54(b); *see Braswell*, 2 F.3d at 1335–36. In unpublished opinions, we've dismissed appeals when the Rule 54(b) certification didn't contain such an "express determination." *See Gelin v. Shuman*, 834 F. App'x 41, 43 (4th Cir. 2021) (per curiam); *accord Doe v. City of Gauley Bridge*, No. 22-2025, 2023 WL 5625250, at *1 (4th Cir. Aug. 31, 2023) (per curiam).

Several of our sister circuits agree. *See Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 223–25 (3d Cir. 2012); *EJS Props., LLC v. City of Toledo*, 689 F.3d 535, 537–38 (6th Cir. 2012); *Nat'l Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1167 (9th Cir. 2003); *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242, 1244 (10th Cir. 2001); *Blackman v. District of Columbia*, 456 F.3d 167, 175–76 (D.C. Cir. 2006).

Here, any such determination would have required the district court to explain its reasoning. *Braswell*, 2 F.3d at 1335–36. But the court didn't consider the *Braswell* factors. It also didn't explain why the unresolved issues of liability and damages weren't a sufficient reason *for* delay, nor why the Youngs would suffer undue hardship if final judgment wasn't entered.

8

We recently dismissed an appeal because the district court didn't make these findings in its Rule 54(b) certification order. *See Kinsale*, 31 F.4th at 876–77. We do the same here. And we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument wouldn't aid the decisional process.

*DISMISSED*