NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0135n.06

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 15, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| MINDY CARPENTER and SHAWN CARPENTER, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| LIBERTY INSURANCE CORPORATION, | ) ) | |
| Defendant-Appellee. | ) ) | |

BEFORE: SILER, WHITE, and STRANCH, Circuit Judges.

SILER, Circuit Judge. After a series of rulings that left one of Plaintiffs' claims pending for trial, the district court granted Plaintiffs' request for an immediate appeal pursuant to Fed. R. Civ. P. 54(b). Because we find that the district court improvidently granted Fed. R. Civ. P. 54(b) certification, we **DISMISS** this appeal **WITHOUT PREJUDICE**.

**FACTUAL AND PROCEDURAL HISTORY**

In 2016, fire damaged the home of Plaintiffs Mindy and Shawn Carpenter. Defendant Liberty Insurance Corporation (Liberty) insured the Carpenters' home for fire damage. After Liberty denied the Carpenters' insurance claim, stating that it had reason to believe the Carpenters started the fire, the Carpenters brought this action. The Carpenters assert two claims—breach of insurance contract and bad faith insurance claim denial—and additionally seek "severe emotional distress/inconvenience/punitive damages[.]"

Liberty moved for partial summary judgment, seeking to limit the Carpenters' potential recovery on their breach of contract claim to the insurance policy amount and to prohibit the Carpenters from recovering emotional distress damages arising from that claim. The district court granted the motion, but noted that damages for emotional distress, attorney fees, and punitive damages could be recoverable under the bad faith claim. Later, Liberty moved for summary judgment on the Carpenters' bad faith insurance denial claim. The district court granted this motion as well, eliminating all damages other than those set forth in the policy. After granting the second motion, the district court certified its damages and bad faith insurance denial claim rulings for immediate appeal under Fed. R. Civ. P. 54(b).

## DISCUSSION

"The courts of appeals . . . shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States . . . ." 28 U.S.C. § 1291 (emphasis added). "[A] 'final decision' is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Intern. Union of Operating Eng'rs and Participating Emps.*, 571 U.S. 177, 183 (2014) (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

Both parties agree that this case is properly before this court. That being said, "[t]hough not raised by the parties, [when] a substantial question exists about the propriety of using Rule 54(b) to present [an] issue to the Court[,] '[b]ecause it involves the scope of our appellate jurisdiction, we are compelled to raise *sua sponte* the issue of whether the district court's entry of final judgment was warranted.'" *Justice v. Pendleton Place Apartments*, 40 F.3d 139, 141 (6th Cir. 1994) (quoting *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1336 (4th Cir. 1993)); *see also Daleure v. Commonwealth of Ky.*, 269 F.3d 540, 543 (6th Cir. 2001) ("While all parties

seek to confer appellate jurisdiction, we must dismiss the appeal . . . because we lack appellate jurisdiction. . . . The district court has not entered final judgment on most claims, and could not, because it had not ruled on the injunctive aspects of [certain] claims. In addition, its certification of appealability under Rule 54(b) did not contain the findings required under Sixth Circuit precedent.").

As noted, we have jurisdiction under 28 U.S.C. § 1291 to review final orders of the district court. Usually, "when a district court grants summary judgment on some but not all claims" in a lawsuit, "the decision is not a final order for appellate purposes." *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012). But under Federal Rule of Civil Procedure 54(b), the district court may certify a partial grant of summary judgment for immediate appeal if the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) recognizes the "'reality that the benefits of immediate appeals on occasion exceed the costs,'" *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 273 (6th Cir. 2019) (quoting *Adler v. Elk Glenn, LLC*, 758 F.3d 737, 739 (6th Cir. 2014) (Sutton, J., concurring)), justifying occasional departures from the general federal policy disfavoring piecemeal appeals.

*Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279 (6th Cir. 1986), outlines the purpose and function of Fed. R. Civ. P. 54(b):

> Rule 54(b) was a response to the need created by the liberal joinder provisions of the Federal Rules of Civil Procedure to revise "what should be treated as a judicial unit for purposes of appellate jurisdiction." The rule was "designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action," "where the parties demonstrated a need for making review available on some of the claims or parties before entry of final judgment as to all." It "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." By utilizing Rule 54(b), a district court "*may*, by the exercise of its

discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims . . . ."

*Id.* at 1282 (citations omitted) (emphasis in original).

"Proper certification under Rule 54(b) is a two-step process." *Planned Parenthood*, 696 F.3d at 500. First, the district court must "'expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case.'" *Id.* (quoting *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)). A certification order fails this first step if it does not involve a "final" order or does not feature multiple, separate "claims." *See id.* (discussing "multiple claim" requirement); *Williams v. Kentucky*, 24 F.3d 1526, 1542 (6th Cir. 1994) (describing final-judgment requirement). At the second step, "'the district court must expressly determine that there is no just reason to delay appellate review.'" *Planned Parenthood*, 696 F.3d at 500 (quoting *Gen. Acquisition*, 23 F.3d at 1026). The court "must clearly explain" its conclusion, *Gen. Acquisition*, 23 F.3d at 1026, and we instruct courts to consider a non-exhaustive list of five factors for this inquiry, *see Corrosioneering, Inc.*, 807 F.2d at 1283.

"We apply de novo review to the district court's conclusion on the first inquiry and review for abuse of discretion the district court's determination of no just reason for delay." *Planned Parenthood*, 696 F.3d at 500. However, on the second question, we have "recognized that 'the district court's discretion is not unbounded.'" *Gen. Acquisition*, 23 F.3d at 1030 (quoting *Corrosioneering*, 707 F.2d at 1282). The court's finding on this second step is "subject to reversal if the district court fails to adequately explain its reasoning, or if the district court fails to 'weigh and examine the competing factors'" involved in the certification decision. *Id.* (quoting *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61–62 (6th Cir. 1986)). As explained below, the district court's damages ruling was not final and thus was not properly certifiable, and the district court

abused its discretion in certifying for immediate appeal its dismissal of the Carpenters' bad faith insurance denial claim.

## I. Damages Ruling

Rule 54(b) "provides a means in . . . multiple-claim actions . . . by which appeals may be taken from *final decisions* on individual claims without waiting for final decisions on the rest of the claims." *Williams*, 24 F.3d at 1542 (emphasis added). A district court's order that forecloses recovery for some types of damages stemming from a claim on which it did not decide liability is not a final decision within the meaning of Rule 54(b). *Gen. Acquisition, Inc.* 23 F.3d at 1025.

Here, the district court ruled on the recoverability of only some of the types of damages that could be sought in conjunction with the Carpenters' breach of insurance contract claim and did not decide liability on that claim. As such, the district court's damages ruling was not "final" and therefore was not certifiable under Rule 54(b). *Gen. Acquisition, Inc.*, 23 F.3d at 1025 ("The ruling on damages—with no ruling on liability—was obviously not a 'final' order conferring appellate jurisdiction on this court . . . .").

## II. Bad Faith Insurance Denial Claim

The district court's grant of summary judgment in favor of Liberty on the Carpenters' bad faith insurance denial claim was "final" because it resolved both liability and damages. However, the district court abused its discretion in certifying that ruling. *See Corrosioneering*, 807 F.2d at 1282 ("The district court acts as a 'dispatcher' and is permitted to determine, in the first instance, the appropriate time when each final decision is ready for appeal. The district court's discretion is not unbounded, however, and a Rule 54(b) certification can be reversed by an appellate court for abuse of that discretion." (citations omitted)). Because we conclude that the district court abused its discretion under the "second step" of the Rule 54(b) analysis, we need not determine

whether the contract and bad-faith causes of action amounted to "separate claims" under the first step of the Rule 54(b) analysis.

To start, a district court must articulate its rationale for certifying an appeal under Rule 54(b). Here, the district court simply recited the legal rules governing Rule 54(b) certification, followed by these statements: "The Court has weighed the 54(b) factors and finds they balance in favor of certification. . . . The Court finds that there is no just reason for delay." The district court failed to explain its basis for certification. When a district court fails to explain its basis for Rule 54(b) certification, that alone often warrants reversal. *See, e.g.*, *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155, 1159–60 (6th Cir. 1988); *Daleure*, 269 F.3d at 543 (6th Cir. 2001); *Adler v. Elk Glenn, LLC*, 758 F.3d 737, 738–39 (6th Cir. 2014). However, "[w]e have on rare occasions excused a district court's failure to set forth a statement of reasons if the reasons are apparent from the record." (citations omitted)). *EJS Properties, LLC v. City of Toledo*, 689 F.3d 535, 537 (6th Cir. 2012); *see, e.g., Akers v. Alvey*, 338 F.3d 491, 495–96 (6th Cir. 2003).

And upon engaging in that analysis, it becomes clear that the district court should not have granted Rule 54(b) certification here:

> Rule 54(b) is not to be used routinely, or as a courtesy or accommodation to counsel. "The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice . . . ."
>
> . . .
>
> Generally a finding that an issue being considered for Rule 54(b) certification is "separate and distinct" from remaining issues in a case will begin, rather than end, the district court's certification analysis.
>
>> Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.

> . . . [A] district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals."

A nonexhaustive list of factors which a district court should consider when making a Rule 54(b) determination includes:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Corrosioneering*, 807 F.2d at 1282–83 (citations omitted).

The first and second *Corrosioneering* factors cut against certification. Regarding the first factor, there is a close relationship between the adjudicated bad-faith claim and the unadjudicated contract claim, as both the Carpenters and Liberty concede. *See* Liberty Supp. Br. at 7–8 (noting that the two claims "inherently involve a large overlap of evidence, because the facts . . . at the heart of the breach of contract claim are also intricately related to the operative facts regarding why the insurer denied the claim"); Carpenter Supp. Br. at 2 (joining Liberty's Rule 54(b) arguments in full). Indeed, in this case, the two claims turn on an almost identical question: the contract claim turns on whether Liberty can prove each element of the arson defense, while the bad-faith claim turns on whether Liberty had sufficient evidence of arson at the time it denied the Carpenters' claim for coverage. For that reason, there is also a possibility that the need for review

of the bad-faith claim may be mooted in the future. If Liberty defeats the contract claim at trial by proving the arson defense, that may functionally render moot any appellate consideration of the district court's dismissal of the bad-faith claim, because that claim fails if Liberty had sufficient evidence of arson.

The third factor also disfavors certification, because there is "the possibility that the reviewing court might be obliged to consider the same issue a second time . . . ." *Corrosioneering*, 807 F.2d at 1283 (citation omitted) (quotation marks omitted). Should this court reverse the district court's grant of summary judgment in favor of Liberty on the Carpenters' bad faith insurance denial claim and the Carpenters prevail on that claim at trial, Liberty could then appeal that result and this court would have to, once again, determine whether the Carpenters sufficiently supported that claim with evidence. The fourth factor—which asks about the presence of claims or counter-claims that could create set-offs against the judgment sought to be made final—is not relevant here, because we have no such claims or counter-claims.

The fifth factor asks whether miscellaneous considerations "such as delay, economic and solvency considerations," or other practical considerations (including shortening the time of trial, frivolity of claims, "expense, and the like") favor or disfavor certification. *Id.* The Carpenters argue that reversing the Rule 54(b) certification will create delay, and that this delay will cause them significant financial hardship. They point out that they have been under serious financial strain since the fire destroyed their home. We are not indifferent to their plight. But on balance, the other Rule 54(b) factors cut against certification. And as it stands now, the Carpenters' breach of insurance contract claim will proceed to trial. If they succeed on that claim, they may recover damages up to the policy limits, at least partially alleviating their current financial burden. Our decision to exercise or decline Rule 54(b) jurisdiction over the bad-faith claim will not affect the

timeline for resolving the Carpenters' contract claim, one way or the other. More fundamentally, neither Liberty nor the Carpenters have demonstrated that this is the type of "uncommon" case that warrants Rule 54(b) certification. *Cf. id.* at 1282 ("Rule 54(b) is not to be used routinely . . . . 'The power which this Rule confers upon the trial judge should be used only "in the infrequent harsh case" as an instrument for the improved administration of justice . . . .'" (citations omitted)).

Indeed, the only apparent justification for the certification of the dismissal of the bad faith insurance denial claim for immediate appeal is convenience. An immediate decision on the propriety of the district court's dismissal of the bad faith insurance denial claim would afford the parties and counsel a clearer picture of what exactly is potentially recoverable in this matter. Strategic decisions could then be made as to how to proceed. Such convenience, however, is insufficient to warrant Rule 54(b) certification. *See id.* ("Rule 54(b) is not to be used . . . as a courtesy or accommodation to counsel . . . ." (citations omitted)).

As a final consideration, a ruling here allowing a party to seek Rule 54(b) certification on the dismissal of its bad faith insurance denial claim when that party's breach of insurance contract claim remains pending has a legitimate potential for opening the floodgates. "[T]he tort of bad faith . . . [and] breach of contract . . . are often, perhaps even generally, asserted together and the basis for both claims is the refusal to pay insurance." *Bullet Trucking, Inc. v. Glen Falls Ins. Co.*, 616 N.E.2d 1123, 1127 (Ohio Ct. App. 1992). Under Ohio law, an insurer does not face a heavy burden in obtaining a dismissal of an insured's bad faith insurance denial claim: "[T]o grant a motion for summary judgment brought by an insurer on the issue of whether it lacked good faith in the satisfaction of an insured's claim, a court must find after viewing the evidence in a light most favorable to the insured, that the claim was fairly debatable and the refusal was premised on either the status of the law at the time of the denial or the facts that gave rise to the claim."

*Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 605 N.E.2d 936, 943 (Ohio 1992). Were this court to find that the district court correctly certified the bad faith insurance denial claim for appeal, it might be inundated with partial appeals of bad faith insurance denial claims from all of its districts, which is exactly the opposite way Rule 54(b) should be utilized. *See Solomon*, 782 F.2d at 60 ("[T]he draftsmen of [Rule 54(b)] have made explicit their thought that it would serve only to authorize 'the exercise of a discretionary power to afford a remedy in the infrequent harsh case.'" (quoting *Panichella v. Pennsylvania Railroad Co.*, 252 F.2d 452, 455 (3d Cir. 1958) (quotation marks omitted)). We see no difference between this insurance dispute and the usual case in which a court grants summary judgment in favor of the insurer on the insured's bad faith insurance denial claim but reserves the breach of insurance contract claim for trial.[1]

The parties rely on two cases to support their belief that Rule 54(b) certification was proper here, *Smith v. Allstate Ins. Co.*, 403 F.3d 401 (6th Cir. 2005), and *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132 (6th Cir. 2004). But neither case discussed Rule 54(b) at all; both simply noted that the district court entered a Rule 54(b) certification and then proceeded to address the merits of the appeals. Accordingly, they do little to help the parties' position here. *Cf. United States v. Bowers*, 615 F.3d 715, 721 (6th Cir. 2010) (noting that we are not bound "'when questions of jurisdiction have been passed on in prior decisions sub silentio'"); *United States v. Lucido*, 612 F.3d 871, 876–77 (6th Cir. 2010) (one panel is not bound by prior panel's "unexamined" statement that jurisdiction exists).

---

[1] Of course, not every insurance case involving bad-faith and breach-of-contract claims is the same, and the Rule 54(b) inquiry is context and case-specific. *Cf. Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10–11 (1980) ("Because [Rule 54(b)] discretion 'is, with good reason, vested by the rule primarily' in the district courts, and because the number of possible situations is large, we are reluctant either to fix or sanction narrow guidelines for the district courts to follow." (citation omitted)). Our discussion here should not be taken to suggest that Rule 54(b) is always improper in insurance cases with bad-faith and breach-of-contract claims. In every such case, the district court must carefully apply both steps of the Rule 54(b) analysis.

*Smith* and *Pure Tech* are also distinguishable for a critical reason—the district courts in these cases adjudicated *both* the bad faith insurance denial and breach of insurance contract claims, which additionally effectively resolved all remaining counterclaims and crossclaims in *Pure Tech* and left one tangential counterclaim pending for trial in *Smith*. *See Smith*, 403 F.3d at 404; *Pure Tech*, 95 F. App'x at 134–35 ("[T]he grant of summary judgment in favor of the Insurers resolves all of the cross-claims and third-party claims[.]"). In other words, the judgment of the district court in *Pure Tech* essentially was a final judgment, and the judgment of the district court in *Smith* resolved all of the claims of the insured. Here, however, the district court rendered a decision on only one of the Carpenters' two factually related claims and set the other for trial, meaning this court may hear another appeal in this case on essentially the same set of facts. *See* Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2659 (4th ed. Oct. 2020 update) ("It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims . . . .").

In sum, the district court abused its discretion when it granted Rule 54(b) certification of the dismissal of the Carpenters' bad faith insurance denial claim.

## CONCLUSION

Because the district court should not have granted Rule 54(b) certification, we **DISMISS** this appeal **WITHOUT PREJUDICE**.[2]

---

[2] To be clear, the dismissal of this appeal does not foreclose a future appeal by the Carpenters on the same issues presented in this dismissed appeal.